[Civ. No. 8024. Third Dist. Apr. 8, 1952.]

WILLIAM NELSON, Appellant, v. DEPARTMENT OF CORRECTIONS et al., Respondents.

Benjamin D. Frantz for Appellant.

Edmund G. Brown, Attorney General, and Paul M. Joseph, Deputy Attorney General, for Respondents.

SCHOTTKY, J. pro tem.—Respondent Director of Corrections filed with the State Personnel Board a complaint charging appellant, who held a civil service position as prison canteen manager of Folsom State Prison, with the following:

1. Failure to cancel Folsom Prison canteen coupons;
2. Knowingly allowing his wife to accept a gift from an inmate of Folsom Prison;
3. Knowingly receiving money from the mother of an inmate of Folsom Prison;
4. Failure to protect, cancel, and account for canteen coupons;
5. Possession of contraband merchandise; and
6. Receiving a purse from an inmate of Folsom Prison for additional canteen privileges.

After proceedings regularly held before the respondent Personnel Board, said board found said charges to be true and made its order dismissing appellant from his position as said prison canteen manager as of the date of his suspension on January 30, 1948, and ordering that his name be removed from the state civil service employment lists.

Following the denial of his petition for a rehearing appellant filed a petition for a writ of mandate in the Superior Court of Sacramento County for a review of the findings and order of the State Personnel Board. The trial court found that of the charges made, only charges number 2 and number 6 were supported by substantial evidence, and the court found further that:

". . . in view of the fact that the proceeding before the State Personnel Board was of a disciplinary nature and as this Court has found that only a part of the charges to be true by the State Personnel Board are fully supported by substantial evidence presented before said Board, this Court finds that it should remand the matter to the State Personnel Board with directions to said Board to set aside its decision of August 6, 1948, suspending Petitioner from his position as Prison Canteen Manager and to consider what order should be made in the premises in view of the charges sustained by this Court but without said State Personnel Board again trying Petitioner either on the original charges made or upon those herein sustained by this Court." Judgment was entered accordingly and the State Personnel Board thereafter set aside its decision of August 6, 1948, and upon reconsideration dismissed the appellant from his said position.

Appellant states in his brief that he has appealed from that portion of the judgment of the trial court which denies the right to an entirely new hearing by respondent Personnel Board on the charges preferred against him; from that portion of the judgment which restricts respondent board to consider a new order based only on the charges sustained by the trial court; and from that portion of the judgment which denies petitioner his requested relief.

Appellant first contends that respondent Personnel Board should be required to hold an entirely new hearing because "the admission of inflammatory and patently inadmissible evidence contaminated the entire administrative proceedings." Appellant cites as the first instance of prejudicial evidence the testimony of the mother of an inmate, who was allowed to testify, over the objection of appellant, as to a conversation with her son in which he told her of the receipt of $85 by appellant as alleged in charge 3. However, as pointed out by respondent, the trial court in the instant mandate proceeding found that Count 3 was not sustained by the evidence, so it cannot be held that appellant was prejudiced by the admission of this testimony.

 Appellant next contends that the respondent board committed prejudicial error in admitting certain evidence relating to charge 2 (knowingly allowing his wife to accept a gift from an inmate). An inmate was permitted to testify that he gave a purse to another inmate by the name of Whitaker, and appellant argues that his motion to strike said testimony should have been granted as this evidence was in no way connected with appellant. However, Warden Heinze testified that appellant admitted to him that his wife received a purse from inmate Whitaker, and it was certainly proper to admit evidence to show that Whitaker had such a purse.

 Appellant next complains of the admission of the testimony of inmate Roland concerning a conversation he had with inmate Whitaker in which he agreed to pay Whitaker some money for a commissary loan. Roland testified that Whitaker demanded the money and Roland wrote his mother for it. This evidence should not have been admitted, but in view of the fact that the trial court expressly found that this evidence was hearsay and did not support the charge made, and that there was no substantial evidence to support charge No. 3, we do not believe it can be held that appellant was prejudiced by this testimony or that the findings of the

court that the second and sixth charges were sustained by substantial evidence were affected thereby.

 Appellant's final objection to the reception of testimony is that over his objection a prison employee was permitted to testify that he had received a memorandum from a Folsom Prison executive with respect to inmate Whitaker and that this was never connected to appellant. However, the record shows that the objection to the admission of the document was sustained. Even if it had been admitted in evidence it is difficult to understand how appellant could have been prejudiced by it, because it was intended to show that Whitaker worked at the canteen during the period he was on "idle assignment" and this was abundantly shown by other testimony.

 Appellant does not argue that there is no substantial evidence to support charges 2 and 6, but contends that there should be an entirely new hearing by respondent Personnel Board on the charges preferred against him. But respondents argue correctly that incompetent evidence is not a basis for a new hearing before the board, where, as here, the trial court found that two of the charges against appellant were based upon competent, substantial evidence.

 The procedure adopted by the trial court, that is, remanding the case for reconsideration, is in accordance with the procedure adopted in *Cooper* v. *State Board of Medical Examiners,* 35 Cal.2d 242 [217 P.2d 630, 18 A.L.R.2d 593], the court stating, at page 252: "The board made a single order of license revocation based on its findings and conclusions that both count seven and count nine had been violated. Inasmuch as we hold that the findings do not support the conclusion of unprofessional conduct as to count seven, and since license revocation is in any event a drastic penalty, and, furthermore, in consideration of the fact that we have no means of knowing whether the board itself would have imposed so severe a penalty for violation of count nine alone, we are of the view that the judgment should be reversed with directions to the trial court to set aside the order and send the matter back to the board for reconsideration of the penalty."

Appellant next contends that the trial court erred in applying the substantial evidence rule. It is appellant's view that the trial court should have exercised an independent judgment on the facts, that it should have weighed the evidence, and should have decided the matter according to the weight

of the evidence rather than follow the substantial evidence rule, as was done by the court in its ruling upon demurrers, motions to strike and findings of fact.

Appellant cites *Hohreiter* v. *Garrison*, 81 Cal.App.2d 384, [184 P.2d 323], revocation of an insurance agent's license by the Insurance Commissioner, the court stating at pages 401-402: "We are here involved with an administrative agency exercising statewide jurisdiction. It now seems settled in this state that the superior court in reviewing the actions of such agencies in revoking licenses in a mandamus proceedng must exercise an independent judgment on the facts. [Citing cases.] Thus, the ultimate power of decision rests with the trial court. . . ." Also cited is *Moran* v. *Board of Medical Examiners*, 32 Cal.2d 301 [196 P.2d 20], revocation of medical certificate, the court stating, at page 308: "That the trial court in this case was 'authorized by law to exercise its independent judgment on the evidence' is well established."

Respondent in arguing that the substantial evidence rule is proper in this case states there is no vested right in a civil service position, and therefore the court did not err. *Southern Calif. Jockey Club, Inc.* v. *California Horse Racing Club*, 36 Cal.2d 167 [223 P.2d 1], is relied on wherein the court holds that "On petition to the superior court for a writ of mandate to compel the Horse Racing Board to issue a horse racing license, that court should not reweigh the evidence, and its sole function is to determine from a review of the record, whether there is sufficient evidence to sustain the ruling of the board."

█ Since the filing of the briefs in the instant appeal the Supreme Court has decided the case of *Boren* v. *State Personnel Board*, 37 Cal.2d 634 [234 P.2d 981], and we are satisfied that the Boren case and the authorities cited therein support the trial court in applying the substantial evidence rule. The Supreme Court, in a unanimous opinion, said at page 637:

"Since the enactment of section 1094.5 of the Code of Civil Procedure, it is no longer open to question that in this state the writ of mandamus is appropriate 'for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken and discretion in the determination of facts is

vested in the inferior tribunal, corporation, board or officer. . . .'

"The proceedings of the State Personnel Board in connection with plaintiff's dismissal were clearly of the type envisioned by section 1094.5 (see Gov. Code, § 19750 et seq.), and the writ of mandamus will therefore lie to review the board's decision. Since the jurisdiction of the State Personnel Board, including its adjudicating power, is derived directly from the Constitution (art. XXIV, § 3a; *cf. Covert v. State Board of Equalization*, 29 Cal.2d 125, 131-132 [173 P.2d 545], the writ of certiorari is also available to review the board's decisions. (*O'Brien v. Olson*, 42 Cal.App.2d 449, 453-457, 460 [109 P.2d 8]; Code Civ. Proc., §§ 1068, 1074.)''

In the case of *Covert v. State Board of Equalization*, 29 Cal.2d 125 [173 P.2d 545], which was followed and approved in the Boren case, the court considered the powers and duties of the Board of Equalization and whether the courts in reviewing the board's actions should render an independent judgment on the facts, or follow the substantial evidence rule. It was there held that the board possessed adjudicating power in respect to liquor control, and therefore the substantial evidence rule was the proper one for a reviewing court to follow. The court, speaking through Chief Justice Gibson, said at page 131:

"The court reweighed the evidence before the board, made new findings, and ordered revocation of the license without remanding the case to the board. An examination of the Constitution of California shows that the State Board of Equalization, unlike most other agencies of statewide authority (see *Laisne v. California State Board of Optometry*, 19 Cal.2d 831 [123 P.2d 457]), has specifically been given quasi judicial, or adjudicating power, that is, the right to make determinations of fact which are not subject to reexamination in a trial de novo in the superior court. Section 22 of article XX provides, in part: 'The State Board of Equalization shall have the exclusive power to license the manufacture, importation and sale of intoxicating liquors in this State, . . . and shall have the power, *in its discretion, to deny or revoke* any specific liquor license *if it shall determine for good cause* that the granting or continuance of such license would be contrary to public welfare or morals.' (Italics added.) In order to revoke a license the board obviously must examine the facts, resolve any conflicts in the evidence,

and exercise its judgment with respect thereto. A revocation may be only 'for good cause,' and, accordingly, the board must afford an opportunity for a full hearing, an essential element of a quasi judicial proceeding. (*La Prade* v. *Department of Water & Power*, 27 Cal.2d 47 [162 P.2d 13]; *Steen* v. *Board of Civil Service Commrs.*, 26 Cal.2d 716 [160 P.2d 816]; *cf. Carroll* v. *California Horse Racing Bd.*, 16 Cal.2d 164 [105 P.2d 110].) This does not mean, of course, that the 'discretion' given to the board is absolute, since it must be exercised in accordance with the law.

"The functions of the board are thus similar in some respects to those of a local administrative tribunal, a decision of which will be sustained if it has committed no error· of law and if the evidence, although conflicting, is sufficient to support its findings of fact."

██ Appellant contends also that the trial court erred in refusing petitioner the right to summarize in his petition the evidence in the board's transcript, but in view of the fact that the trial court conducted a full hearing and the transcript of the entire proceedings before the board were before the trial court, appellant could not have been prejudiced by the court's rulings on the pleadings, even if we were to assume that such rulings were erroneous.

██ Appellant contends that the board did not proceed in the manner required by law in that its hearing officer did not make any proposed findings, and since no member of the board heard the evidence, it was incumbent upon the hearing officer to make such report to the board. It is argued that pursuant to subdivision (c) of section 2 of article XXIV of the Constitution providing that "dismissals, demotions, suspensions, and other punitive action . . . shall be and remain the duty of the board . . . ," it is required that the board itself shall hear charges against a civil service employee, and if it is proper to delegate this function to the hearing officer it is incumbent upon him to make an appropriate report to the board. There is no merit in this contention, for, as respondent correctly points out, the Legislature had set up a procedure for disciplinary proceedings before the board, and during the time of these proceedings section 19578 of the Government Code provided: " . . . the board or its duly authorized representative shall hold a hearing . . ." Section 19582 provided: "The board shall consider carefully the evidence submitted in the hearing and render a decision which in its judgment is just and proper."

Section 19585 provided: "Hearings may be held by the board, or any member or any authorized representative or referee but the decision shall be rendered by the board after careful consideration of the evidence submitted in the hearing." Rule 68 of the board provided: "In cases of charges filed under Section 19574 of the act and of appeals from disciplinary suspensions, the Hearing Officer shall merely hold hearings and make return of the testimony to the Board, but he may be present during the consideration of the case by the Board, and if requested, shall assist and advise the Board."

At page 739 of Gelhorn on Administrative Law, it is said: "Of course, it is a commonplace that most administrative agencies of importance, such as the Interstate Commerce Commission, the Securities and Exchange Commission, the Federal Communications Commission, the United States Maritime Commission, and the like (and their state counterparts) do not see the witnesses in matters coming before them. Their hearings are ordinarily conducted by trial examiners or other presiding officers, who have no power to find the facts finally and who sometimes are not even called upon to make recommendations to their superiors. Whatever may be the desirability of the procedure, there is no real doubt as to its validity, for administration would come to a virtual standstill if the heads of the governmental agencies were themselves required to preside at every hearing to receive testimony."

The findings of fact of the respondent State Personnel Board set forth that the board "has carefully considered the evidence submitted at the hearing," and in view of the presumption that "official duty has been regularly performed" (Code Civ. Proc., § 1963, subd. 15) we may presume that the board made its order after a review of the record and a consideration of the facts, and there is nothing in the record to dispute such presumption.

No other points raised require discussion.

In view of the foregoing the judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 5, 1952.