[Civ. No. 14426.   First Dist., Div. Two.   May 28, 1952.]

NANCY CROSS, Appellant, v. JOHN TUSTIN, as Personnel Director, etc., et al., Respondents.

Nancy Cross, in pro. per., for Appellant.

Howard W. Campen, County Counsel, Donald K. Currlin, Assistant County Counsel, and Wade H. Hover, Deputy County Counsel, for Respondents.

DOOLING, J.—Appellant, Nancy Cross, appeals from a judgment of the superior court denying her petition for a writ of mandate to restore her to the position of senior personnel technician of Santa Clara County. The basic facts and issue in the case appear from the following oral stipulation entered into by the parties in open court as set out in the settled statement:

"The defendants through their attorneys and plaintiff thereupon stipulated that it was true that the petitioner, Nancy Cross, was selected as Senior Personnel Technician of Santa Clara County.on December 6, 1948, by the appointing authority after having qualified for the position by passing a regular competitive examination, and that it was true that on March 2, 1949, prior to the termination of her probationary period, the plaintiff was dismissed from her position as Senior Personnel Technician by the appointing authority without charges having been filed against her; that it was true that the petitioner duly requested the Civil Service Commission of Santa Clara County for a hearing on her dismissal, and that said Civil Service Commission refused to grant plaintiff a hearing on her dismissal.

"It was also stipulated by the defendants through their counsel and by plaintiff in propria persona that the Santa Clara County Ordinance No. 154 as amended, establishing a merit or limited civil service system for Santa Clara County was passed and adopted the 30th day of September, 1940, and approved by a majority of the electors of the County of Santa Clara voting thereon at an election held on the 5th day of November, 1940; and that it is true that the Rules for the administration of the Civil Service System of Santa Clara County as established pursuant to said Santa Clara County Ordinance No. 154 as amended was approved by the Board of Supervisors of the County of Santa Clara.

"The defendants through their attorneys and the plaintiff in propria persona thereupon waived by oral consent in open court Findings of Fact on any issues raised by the pleadings and not covered by the stipulations."

Ordinance No. 154 referred to in this stipulation was passed pursuant to the County Civil Service Enabling Act. (Stats. 1939, p. 2734 now codified as sections 31100-31113 of the Government Code.) Sec. 31108 of that code reads as follows:

"Any ordinance adopted pursuant to this part shall include substantially the following provisions: .

"(a) Any officer or employee in the classified civil service

may be dismissed, suspended, or reduced in rank or compensation by the appointing authority *after appointment or promotion is complete* by a written order, stating specifically the reasons for the action. The order shall be filed with the clerk of the board of supervisors and a copy thereof shall be furnished to the person to be dismissed, suspended, or reduced.

"(b) The officer or employee may reply in writing to the order within 10 days from the date of its filing with the clerk of the board of supervisors. The officer or employee may within five days after presentation to him of the order appeal through the clerk of the board of supervisors to the civil service commission from the order. Upon the filing of the appeal, the clerk of the board of supervisors shall forthwith transmit the order and appeal to the civil service commission for hearing.

"(c) Within 20 days from the filing of the appeal the commission shall commence a hearing, and either affirm, modify, or revoke the order. The appellant may appear personally, produce evidence, and have counsel and a public hearing.

"(d) The findings and decision of the commission shall be certified to the department head or officer whose action was the subject of the hearing and forthwith enforced and followed by him."

We have italicized the words of this section "after appointment or promotion is complete" because upon their proper construction depends the determination of the basic issue on this appeal.

Ordinance No. 154 provides for appointments to be made in the civil service for a probationary period of six months. Section 4, paragraph 13 of that ordinance reads:

"Any appointing authority or officer shall have the right to dismiss any person in the classified service during the six months probationary period, if such person is not deemed by said officer satisfactory or competent to fulfill the duties of the position to which said probationer has been certified, and the employee so dismissed shall not have the right to a hearing before the Civil Service Commission, but, unless charges are filed against such employee as herein provided, such probationer may be retained upon the eligible list at the discretion of the Commission, and shall be eligible for certification to some other department."

In dismissing appellant during her probationary period

the appointing officer acted pursuant to this section without filing any charges, and although appellant demanded a hearing before the civil service commission she was given none.

Appellant argues that once she was placed in the position her appointment was complete within the meaning of that language in section 31108, Government Code, above quoted and that the provision of section 4, paragraph 13 of Ordinance 154 providing for the dismissal of a probationary employee without charges and an opportunity to be heard is therefore invalid because in conflict with the statute. Respondents counter that the county may reasonably provide that the appointment shall not be complete until the expiration of a reasonable probationary period. In support of this argument respondents point out that provisions for the service of a probationary period in civil service positions before permanent tenure is attained by the employee are a commonplace of civil service systems (*Wiles* v. *State Personnel Board,* 19 Cal.2d 344, 347 [121 P.2d 673] ; *Neuwald* v. *Brock,* 12 Cal.2d 662, 670 [86 P.2d 1047]) and that if appellant's construction is to be placed upon section 31108, Government Code, full civil service tenure must be accorded to every person placed in employment in a civil service position instantly and without possibility of providing for any probationary period.

In determining what the Legislature had in mind in using the words "after appointment or promotion is complete" we are afforded the precedent of many other civil service provisions in the charters of both cities and counties in California. At least as early as 1899 the charter adopted for San Francisco contained the following provision :

"At or before the expiration of the period of probation, the head of the department or office in which a candidate is employed, may . . . discharge him. . . . If he is not then discharged, his appointment shall be deemed complete." (San Francisco charter, § 10, art. XIII, Stats. 1899, p. 352.)

Similar language is found in the Los Angeles County charter of 1913, section 34 (7) : "The rules shall provide . . . (7) For a period of probation not to exceed six months before appointment or promotion is made complete . . ." (Stats. 1913, p. 1494) ; San Jose charter, section 107 : "An appointment or promotion shall not be deemed complete until a period of probation . . . has elapsed . . ." (Stats. 1915, p. 1904) ; Los Angeles city charter, section 238 : "If he is not thus discharged during the period of probation, his ap-

pointment shall be deemed complete" (Stats. 1921, p. 1820) ; Sacramento city charter, section 49 : "Appointment . . . shall not be deemed complete until a period of probation . . . has elapsed . . ." (Stats. 1921, p. 1938) ; Long Beach charter, section 105 : "An appointment shall not be deemed complete until a period of probation . . . has elapsed . . ." (Stats. 1921, p. 2092) ; Los Angeles city charter, section 109 : "If he is not thus discharged during the period of probation, his appointment shall be deemed complete" (Stats. 1925, p. 1065) ; Alameda County charter, section 36(c) : "To provide a period of probation . . . before appointment . . . is made complete . . ." (Stats. 1927, p. 2040) ; San Diego city charter, section 118(r) : "An appointment . . . shall not be deemed complete until a period of probation . . . has elapsed . . ." (Stats. 1931, p. 2908).

From this enumeration it is clear that when the Legislature used the language found in section 31108, Government Code, "after appointment or promotion is complete," it was following the design of an extensive legislative pattern in which those words had acquired a settled meaning in relation to civil service systems, as contemplating the service of a probationary period as a condition precedent to the appointment becoming "complete." We entertain no doubt of the power of Santa Clara County in adopting Ordinance No. 154 to enact section 4, paragraph 13 providing for discharge without a hearing during the probationary period.

Appellant also attempts to argue an abuse of discretion in the case of her discharge. Whether by the stipulation entered into in open court waiving "Findings of Fact on any issues raised by the pleadings and not covered by the stipulations" all other issues were withdrawn from the court's consideration is the subject of dispute between the parties. We need not decide that question.

Appellant stands on the fact that an allegation in her amended petition that in discharging her the appointing officer abused his discretion is not in terms denied by the answer. This naked allegation is the pleader's conclusion of law (*Scully* v. *State of California*, 20 Cal.2d 178, 180 [124 P.2d 609] ; *Meyer* v. *Board of Public Works*, 51 Cal. App.2d 456, 470 [125 P.2d 50]) which tendered no justiciable issue. Appellant's effort to bolster this conclusion by facts alleged in her original petition which was superseded by the amended petition on which the case went to trial

must fail because the superseded petition can perform no function as a pleading and cannot be looked to to supplement the issues tendered by the amended one. (21 Cal.Jur., Pleading, § 146, pp. 213-214.)

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied June 27, 1952, and appellant's petition for a hearing by the Supreme Court was denied July 24, 1952.