[Civ. No. 20873.   Second Dist., Div. One.   Nov. 14, 1955.]

MAX I. BLACK, Appellant, v. STATE PERSONNEL BOARD et al., Respondents.

Karl F. Geiser for Appellant.

Edmund G. Brown, Attorney General, and Delbert E. Wong, Deputy Attorney General, for Respondents.

ASHBURN, J. pro. tem.*—Appeal from order denying alternative writ of mandate in a proceeding brought under section 1094.5, Code of Civil Procedure, to review an order of the State Personnel Board dismissing petitioner from his position as field representative for the California Aeronautics Commission. It appears from the petition that certain charges were filed against petitioner under section 19574, Government Code, same being set forth in a notice of punitive action, the vehicle prescribed by statute. Answer having been filed and hearing had, the board found against petitioner and ordered his dismissal. Rehearing was denied and thereupon petition for mandate was filed in the superior court.

---

*Assigned by Chairman of Judicial Council.

The notice of punitive action contained allegations which summarized state these grounds for dismissal: inefficiency, inexcusable neglect of duty, insubordination, conviction of a misdemeanor involving moral turpitude, wilful disobedience, and acts during and outside of duty hours which are incompatible with and inimical to the public service within the meaning of subdivisions (c), (d), (f), (l), (p) and (s) of section 19572 of the Government Code. That code section provides that: "Each of the following constitutes cause for discipline of an employee, . . . (c) Inefficiency. (d) Inexcusable neglect of duty. . . . (f) Insubordination. . . . (l) Conviction of a felony or conviction of a misdemeanor involving moral turpitude. . . . (p) Wilful disobedience. . . . (s) Any other failure of good behavior or acts either during or outside of duty hours which are incompatible with or inimical to the public service. . . ."

The board's finding IV stated in substance that petitioner had failed, neglected, and refused, in approximately 65 instances to transmit copies of correspondence emanating from the Burbank office to the Sacramento office as required of him by Staff Memorandum Number 1, of which he had knowledge; that in approximately 44 instances he violated the said memorandum by failing and refusing to sign correspondence in the prescribed manner; that he informed the Director of Aeronautics that there was no official correspondence in the Burbank files which had not been previously transmitted to Sacramento, when in fact there were approximately 64 copies of official correspondence falling in that category; that these failures and refusals were incompatible with and inimical to the public service within the meaning of subdivisions (c), (d), (f), (p) and (s) of said section 19572.

The board's finding V was: "That on or about May 22, 1953, the said Max I. Black drove a vehicle in the City of Los Angeles while intoxicated and ran through a signal light"; that on or about May 25, 1953, he was convicted in the municipal court of Los Angeles county of a violation of section 502 of the Vehicle Code, driving a vehicle upon a highway while under the influence of intoxicating liquor; and that such conduct constituted failure of good behavior and acts outside of duty hours incompatible with and inimical to the public service within the meaning of subdivision (s) of section 19572.

Finding VI was to the effect that on or about February 6, 1953, petitioner was instructed by the Director of Aeronautics

to refrain from revealing to persons not officially connected with the California Aeronautics Commission any information relating to the work of the commission without prior approval of the Director of Aeronautics, unless the release of such information pertained directly to specific and designated activities of the said Black with the said commission; that on or about August 4, 1953, said Black received from the director's office a copy of a letter from the director to one Major General Vanaman relating to the establishment of a Sacramento air traffic council, which letter is set forth in the finding; that the subject of the letter did not relate to Black's duties or activities, that he received it in the ordinary course of official business, that in violation of his instructions he forwarded a copy of same to Vice Admiral C. E. Rosendahl, together with a letter from himself to Vice Admiral Rosendahl which is set forth in the finding; that petitioner concealed from the director the transmittal of said letter to Vice Admiral Rosendahl, who was not connected with the California Aeronautics Commission and had no right to receive the information contained in the letter from the director to Major General Vanaman; that such conduct on the part of petitioner constituted insubordination, wilful disobedience and failure of good behavior and acts during business hours which are incompatible with and inimical to the public service within the meaning of subdivisions (f), (p) and (s) of section 19572.

The board further found in paragraph X: "That the causes, and each of them, for which the punitive action was imposed and found to be true in Paragraphs IV, V and VI hereof are sustained by the evidence; that each of said causes, separately and severally, so found to be true is sufficient to support the punitive action taken." And it was ordered that petitioner be dismissed from the service.

No copy of petitioner's answer to the notice of punitive action is included in his petition for mandate. But the specifications of insufficiency of evidence therein contained do not challenge the support for finding V with respect to the fact of driving while intoxicated and running through a signal light, or the fact of conviction of violation of section 502, Vehicle Code. Nor does the petition specify any insufficiency of the evidence to support that portion of finding VI which sets forth a copy of the letter to Major General Vanaman, or that portion setting forth the copy of the letter to Vice Admiral Rosendahl. Other portions of that finding are attacked upon the basis of "no substantial evidence" to sup-

port the same. ■ Any finding which is not specifically attacked is to be accepted as true. (*Stuck* v. *Board of Medical Examiners,* 94 Cal.App.2d 751, 754-755 [211 P.2d 389].)

■ The State Personnel Board is an agency having adjudicating power derived directly from the Constitution and under settled rules the court in an administrative mandamus proceeding under section 1094.5, Code of Civil Procedure, is limited, so far as sufficiency of evidence is concerned, to determination of whether substantial evidence was produced in support of a challenged finding. It may not weigh the evidence or make independent finding as to the effect thereof. (*Boren* v. *State Personnel Board,* 37 Cal.2d 634, 637-638 [234 P.2d 981]; *Genser* v. *State Personnel Board,* 112 Cal.App.2d 77, 80 [245 P.2d 1090]; *Nelson* v. *Department of Corrections,* 110 Cal.App.2d 331, 336 [242 P.2d 906].)

■ In such a proceeding the ruling of the administrative tribunal comes before the court attended by a strong presumption that official duty has been regularly performed (*Drummey* v. *State Board of Funeral Directors,* 13 Cal.2d 75, 85 [87 P.2d 848]; *Sipper* v. *Urban,* 22 Cal.2d 138, 144 [137 P.2d 425] (concurring opinion); *De Luca* v. *Board of Supervisors,* 134 Cal.App.2d 606, 610, 611 [286 P.2d 395], which presumption must be overcome by factual allegations; mere conclusions will not suffice. ■ In the present instance the stenographic record of the proceedings before the board was not attached to or filed with the petition. Petitioner repeatedly charges that there was no ''substantial evidence'' to support the challenged phases of findings IV, V and VI. That is but a conclusion, and cannot be treated as the equivalent of the indispensable facts. (See *Perry* v. *Chatters,* 121 Cal.App.2d 813, 815 [264 P.2d 228]; *Cross* v. *Tustin,* 111 Cal.App.2d 395, 399 [244 P.2d 731]; *Kelley* v. *Kingsbury,* 210 Cal. 37, 39 [290 P. 885].)

■ Unless petitioner avers facts sufficient to make a prima facie case, the court is justified in denying the petition out of hand, as was done at bar. In *Wilson* v. *Los Angeles County Civil Service Com.,* 103 Cal.App.2d 426, 430 [229 P.2d 406], this court said: ''The practice is to present the petition to the court with a request that the alternative writ be issued ex parte. But a petitioner is not entitled as a matter of right to the issuance of that writ. He must make a proper showing by the allegations of his petition. If his petition fails to state a prima facie case entitling him to the issuance of the alternative writ, it is within the power of the court to deny it out of

hand. This is familiar practice in all courts having original jurisdiction in mandamus. Furthermore, the power of the court is not without a discretion, wisely exercised, to grant or deny either the alternative or the peremptory writ. (*Wiedwald* v. *Dodson,* 95 Cal. 450 [30 P. 580]; *Betty* v. *Superior Court,* 18 Cal.2d 619 [116 P.2d 947]; *Bartholomae Oil Corp.* v. *Superior Court,* 18 Cal.2d 726 [117 P.2d 674].)'' (See also *Dare* v. *Board of Medical Examiners,* 21 Cal.2d 790 [136 P.2d 304]; *Sipper* v. *Urban, supra,* 22 Cal.2d 138, 141.) ■ The judge of the superior court ruled, and we agree, that the admitted fact of driving a vehicle while intoxicated and running through a signal light, amounts to substantial evidence supporting finding V, and, as already observed, the court was not authorized to weigh the evidence or go further than to find the presence of substantial support for the finding. Although the conviction of violation of the Vehicle Code as a result of that incident, if standing alone, would not be sufficient sustaining evidence of the charge of driving while intoxicated (*Manning* v. *Watson,* 108 Cal.App.2d 705, 711-712 [239 P.2d 688]), it was competent for the purpose of supplementing and explaining the evidence of the fact of driving while intoxicated. This is recognized in the Manning case and in sections 11513, subdivision (c), and 19578, Government Code.

■ Counsel for petitioner argues that as subdivisions (h), (i) and (l) of section 19572, Government Code, specify drunkenness on duty, intemperance and conviction of a misdemeanor involving moral turpitude, as grounds for disciplinary action, the driving of a vehicle while off duty, though under the influence of liquor, does not constitute a basis for a penalty. The board ruled, however, that it falls within subdivision (s): ''Any other failure of good behavior or acts either during or outside of duty hours which are incompatible with or inimical to the public service.'' The trial court took the same view, and we agree because the question is essentially one for determination by the Personnel Board, and that determination manifestly was not an unreasonable one.

■ The letter from petitioner to Vice Admiral Rosendahl is of itself sufficient substantial evidence of the fact of insubordination which is embraced by finding VI. It forwards to Admiral Rosendahl a copy of the letter from the director to Major General Vanaman, and the pertinent portions of petitioner's letter are as follows: ''Upon my return to the office yesterday I found a letter from Mike Doolin to a General Vanaman, which I think should be of interest

to you. *I am forwarding this letter to you and would request that you keep it confidential since Mr. Doolin has been very critical of me in releasing information.* However, I feel that you should know about this since I believe that the subject would definitely come within the purview of what your organization is set up to do. I am also going to forward to you some of the information concerning meetings which have been held in the Los Angeles area in the past regarding the noise problems at Los Angeles International Airport.

"This morning I made a flight with Fred Stoeffler, who is Hill and Knowlton's representative on Captain Lee Webb's AIA Staff, and briefly discussed your organization with him. He seemed quite familiar with it but stated that in the past he thought that your organization had not been particularly effective. *I am going to see Captain Webb tomorrow and get his thinking in the matter and would also ask that this be kept confidential between you and I. I will attempt to do a little 'bird-dogging' for you and send you such information as I may be able to pick up in regard to your program.* I would appreciate it very much if you will let me know the results of your meeting on August 11th and might add, incidentally, that *I am very much interested in a spot with your organization if one should develop. I am pretty sure that I have gone just about as far as I can go with the organization for which I am now working and I think that the sooner I make a change the better off I will be.* In any case, I will certainly keep in touch with you." (Emphasis added.) It could not well be said that this letter reflects anything less than insubordination and an intention to conceal the same from petitioner's superiors. The argument that it pertained directly to specified and designated activities of appellant and that this is established by uncontradicted and "qualified" evidence, also that uncontradicted evidence showed that petitioner did not conceal the transmittal of said letter from petitioner to Admiral Rosendahl, rests upon allegations of the petition such as these: "That there is no substantial evidence to support the finding in Finding VI . . . that in violation of said request and instructions of February 6, 1953, and without requesting or obtaining the approval of the Director . . . the said Max I. Black forwarded a copy of said letter of the Director of Aeronautics to Major General Vanaman to one Vice Admiral C. E. Rosendahl" or "[t]hat the said Max I. Black concealed from the Director of Aero-

nautics the transmittal of said letter to said Vice Admiral Rosendahl;'' also, ''in this connection the uncontradicted *qualified* evidence discloses that the release of such information *pertained directly* to specific and designated activities with said Commission; that the uncontradicted evidence discloses that petitioner did not conceal from the Director the transmittal of said letter to Rosendahl.'' (Emphasis added.) These allegations of the petition contain merely a series of conclusions and are not sufficient, as appellant argues, to establish a prima facie case of insufficiency of the evidence to support the finding.

The trial judge, observing that the board had specifically found in paragraph X above quoted that each of the causes for punitive action set forth in paragraphs IV, V and VI, ''separately and severally, so found to be true is sufficient to support the punitive action taken,'' concluded that it was unnecessary to determine whether substantial evidence existed in support of finding IV. There was no error in this, for having found that paragraphs V and VI of the findings are supported by substantial evidence, paragraph IV could be of consequence only with respect to the penalty imposed, and the board having declared each offense covered by V and VI to be sufficient ground for dismissal, it had left no opening for the trial judge to inquire into that matter. Indeed, appellant's brief does not discuss the sufficiency of the evidence to support finding IV. ▇▇▇ This seems to be a tacit recognition of the established rule that the determination of the penalty to be imposed by an administrative agency lies with the agency and not with the court. (*King* v. *Board of Medical Examiners,* 65 Cal.App.2d 644, 652 [151 P.2d 282]; *Fuller* v. *Board of Medical Examiners,* 14 Cal.App.2d 734, 737 [59 P.2d 171].)

This case does not fall within the ambit of *Cooper* v. *State Board of Medical Examiners,* 35 Cal.2d 242, 252 [217 P.2d 630, 18 A.L.R.2d 593], and *Nelson* v. *Department of Corrections, supra,* 110 Cal.App.2d 335, cases in which the court, having found one charge unsupported, remitted the matter to the administrative agency for the purpose of reconsidering the amount of the penalty. We have no finding here of absence of substantial evidence to support finding IV, and as above indicated counsel for appellant presents no discussion of same. We find no error in the rulings of the trial judge.

The order denying alternative writ of mandate is affirmed.

White, P. J., and Doran, J., concurred.