[Civ. No. 18142. First Dist., Div. One. Apr. 1, 1959.]

RUSSELL S. MUNRO as Director of the Department of Alcoholic Beverage Control, Respondent, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD et al., Defendants; GORDON YOUNG et al., Appellants.

L. Kenneth Say for Appellants.

Edmund G. Brown, Attorney General, and Charles A. Barrett, Deputy Attorney General, for Respondent.

HANSON, J. pro tem.*—On the petition of the Director of the Department of Alcoholic Beverage Control, the superior court granted a writ of mandate ordering the respondent Alcoholic Beverage Control Appeals Board to set aside its decision and order thereon which reversed the director, who had found the licensees guilty as charged in Count II of an accusation of violating the Alcoholic Beverage Control Act and article XX, section 22, of the state Constitution and as a consequence had suspended their liquor license for 30 days.

The narrow question here at issue in its final analysis is whether the Board of Appeals had the jurisdiction and power

*Assigned by Chairman of Judicial Council.

to enter the order it did. The superior court said it did not and we are of the same opinion.

Accordingly, we turn to a recital of the material facts upon which our decision must rest.

The accusation against the licensees charged in four counts that for a considerable length of time they had permitted the licensed premises to be used as a disorderly house. Count II with which we are here concerned charged that for such period of time the licensees permitted persons to become intoxicated on the premises and that intoxicated persons were permitted to remain in and about the said premises.

A hearing was held on the charges contained in the accusation before a hearing officer of the department who, upon the submission of the case, found that the fourth count of the accusation was not sustained by substantial evidence, but that the other three counts were sustained in the manner and to the extent found by him. As to Count II he found only that the licensees had during the period in question permitted intoxicated persons to remain in and about the licensed premises. The hearing officer on the basis of his findings reported that cause for disciplinary action against the licensees had been established and recommended that the license be suspended for 30 days as to each of Counts I, II and III; said penalties to run concurrently. The director adopted and approved the proposed decision as recommended by the hearing officer. The licensees thereupon filed an appeal with the Appeals Board. That board concluded after its review of the appeal that Count II was sustained by substantial evidence, but that Counts I and III were not. Accordingly, the board reversed the director on Counts I and III, but instead of merely affirming the director on Count II reversed and remanded the case on that count with a direction to the director that he reevaluate the penalty he had assessed against the licensees on Count II.

The director, being of the view that the board had exceeded its jurisdiction and could not control the discretion vested in him under the Constitution and controlling legislation, filed this original action for a writ of mandate rather than appealing from the decision.

The petition for mandate does not assail the findings of the Appeals Board, but merely challenges that portion of the order of the board which remanded the case for further evaluation by the director as to the penalty assessed on the second count. Accordingly, the only ground which can be urged by

the appellant licensees, if any, is limited to a showing that the order of the board reversing and remanding the case was proper and within its jurisdiction. No other issue is or can be before us. Notwithstanding, the licensees—the Appeals Board did not appeal—have endeavored by their briefs and argument to have us review the director's decision, which they could only do on an appeal by them from the decision of the Appeals Board and no such appeal is before us.

█ The solution of the problem accordingly is exceedingly simple indeed. It is clear that the director was of the view that a penalty of 30 days suspension was merited on the basis of the evidence supporting the second count without reference to the other counts. That being the case he acted within the discretion accorded to him—and on which ground he stands, as evidenced by his petition for a writ of mandate.

The jurisdiction and power of the board in reviewing decisions of the department is specifically limited by article XX, section 22, of the state Constitution, the pertinent parts of which read as follows: "Review by the board of a decision of the department shall be limited to the questions whether the department has proceeded without or in excess of its jurisdiction, whether the department has proceeded in the manner required by law, whether the decision is supported by the findings, and whether the findings are supported by substantial evidence in the light of the whole record. In appeals where the board finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before the department it may enter an order remanding the matter to the department for reconsideration in the light of such evidence. *In all other appeals the board shall enter an order either affirming or reversing the decision of the department.* When the order reverses the decision of the department, the board may direct the reconsideration of the matter in the light of its order and may direct the department to take such further action as is specially enjoined upon it by law, *but the order shall not limit or control in any way the discretion vested by law in the department.*" (Emphasis added.)

The rule is well established in this state that the amount of penalty to be assessed against a licensee who violates a provision of the Alcoholic Beverage Control Act is solely within the discretion of the department. (Cal. Const., art. XX, § 22; *Reynolds* v. *State Board of Equalization*, 29 Cal.2d 137

[173 P.2d 551, 174 P.2d 4] ; *Covert* v. *State Board of Equalization,* 29 Cal.2d 125 [173 P.2d 545] ; *Black* v. *State Personnel Board,* 136 Cal.App.2d 904 [289 P.2d 863].)   From the fact that the department had imposed a specific penalty for each count, it is plainly apparent that the board, by its order to reconsider the penalty on Count II, was attempting to limit and control the discretion of the department.   Accordingly, the board went beyond its jurisdiction.

Judgment affirmed.

Bray, Acting P. J., and Wood (Fred B.), J., concurred.