SCHOTTKY, J.
John R. Byrne has appealed from a judgment of the superior court which upheld a decision of the Personnel Board of the State of California sustaining an order dismissing Byrne from his civil service position.
It appears from the record that appellant, John R. Byrne, was an alcoholic beverage control agent. On February 17, 1956, he was served with a notice of dismissal. He was charged *578 with ineompetency, inefficiency, inexcusable neglect of duty, dishonesty and acts during duty hours incompatible with the public service. A hearing was had on the matter. The evidence produced at the hearing disclosed appellant’s duty hours were from 9 :30 a.m. to 6 p.m. During this period of time on December 27, 1955, he went to the Villa Lorenzo, a licensee of the Department of Alcoholic Beverage Control. While there, he drank two highballs before lunch and a brandy and benedictine after lunch. The so-called after-dinner drink was consumed when Mr. Byrne and Lester Dunn, the manager at Villa Lorenzo, had retired to the bar after leaving the luncheon table. Mr. Dunn concluded that in all probability he did sign a bar tab. This meant the Villa Lorenzo, the licensee, paid for Mr. Byrne’s drink. Mr. William F. Charette, a Villa employee, testified he could not recall whether Mr. Dunn paid cash for the drink or paid with a tab but admitted that on January 24, 1956, he made a statement in writing that Mr. Dunn did pay for Mr. Byrne’s drink by signing a bar tab or chit.
Mr. Byrne admitted that he did discuss Villa Lorenzo’s business with Mr. Dunn. He asked the manager if he had renewed his license, and the manager replied that he had. The manager then went to the office and returned with a receipt showing payment of the fee. This was exhibited to Mr. Byrne.
Mr. Byrne admitted he made false and untrue statements to the police officer of the city of Oakland. He told his immediate superior, Mr. Long, that he had lied to the Oakland police when questioned about his alcoholic consumption on December 27, 1955.
Mr. Harold Morehead, the Oakland police officer, confirmed the statement that when Mr. Byrne was asked if he had been drinking he answered he had only a beer with his lunch. This officer investigated the accident which occurred in Oakland the evening of December 27, 1955, when Mr. Byrne ran the state car he was driving into the rear of a truck. The officer told Mr. Byrne he was going to issue a “HBD” (had been drinking) citation. Byrne replied that he did not think he should have one because he had only consumed a beer. Whereupon, the officer said he would be glad to send Mr. Byrne to the hospital for an alcoholic test but Mr. Byrne refused. The officer noted that Mr. Byrne’s speech was “a little thick” and that he “didn’t seem to me to be too steady on his feet.” The smell of alcohol in the state car was “very strong.” The offi *579 cer’s report also showed that Mr. Byrne’s ability to drive a car at the time was “impaired.”
As a result of the accident the front end of the state car was damaged and the occupant of the other car was personally injured.
Mr. Byrne was charged by the Oakland police with violating section 510 of the Vehicle Code. He posted bail which he forfeited.
When Mr. Byrne reported the next day, Mr. Long asked him if he had been drinking the day before, and Mr. Byrne replied that he had had a beer. Later Mr. Byrne admitted that this was a falsehood and also told Mr. Long that he had lied to the Oakland police when questioned about his consumption of alcohol.
Mr. Byrne was allowed to answer questions pertaining to prior suspension for the sole purpose of permitting the board to consider pursuant to section 19582 of the Government Code prior suspensions in determining the penalty. He admitted he had been suspended on all three occasions noted in finding XII for the reasons therein set forth.
The Personnel Board found in substance that the acceptance by Mr. Byrne of the gratuity and his false statements constituted acts which are incompatible with the public service within the meaning of subdivision (s) of section 19572 of the Government Code and that his false statements constituted inexcusable neglect of duty within the meaning of subdivision (d) of said section 19572.
The board concluded that the foregoing actions of the petitioner Byrne, and each of them, are supported by the evidence and are separately and severally sufficient to justify his dismissal.
Thereafter Mr. Byrne petitioned the superior court for mandamus, which petition was denied and judgment followed. The petitioner appealed from the judgment to this court.
Appellant makes a vigorous attack upon the findings and decision of the board, contending that they are arbitrary, unreasonable, an abuse of discretion and not supported by the evidence. At the outset it is well to point out that review by this court is limited to a determination as to whether the findings upon which the decision of the board is based are supported by substantial evidence. The ease is not subject to reexamination de novo. (Boren v. State Personnel Board, 37 Cal.2d 634 [234 P.2d 981]; Black v. State Personnel Board, 136 Cal.App.2d 904 [289 P.2d 863]; Shepherd v. State Per *580 sonnel Board, 48 Cal.2d 41 [307 P.2d 4].) Hence, the decision in this ease turns on three principal questions:
1. Whether or not there is substantial evidence to support the finding that the petitioner Byrne did accept a gratuity from a licensee of the Department of Alcoholic Beverage Control, and whether or not such conduct was an act incompatible with public service.
2. Whether or not there is substantial evidence to support the finding that Mr. Byrne knowingly made untruthful and false statements to a police officer of the city of Oakland and to his immediate superior or to either of them.
3. Whether or not the evidence supports the finding that on three prior occasions Mr. Byrne was suspended for drunkenness on duty, insubordination and for the other acts therein mentioned.
Appellant attacks the finding that he accepted a gratuity from a licensee of the Department of Alcoholic Beverage Control as being without support in the record. He argues that Dunn was not on duty and was not performing his duties as the manager of the bar when he purchased the drink for appellant. Appellant’s argument is but an argument as to the weight of the evidence for there is ample evidence in the record to support the finding.
Appellant contends also that the finding that the acceptance of a gratuity from a licensee was an activity incompatible with public service is not supported by the record.
Section 19251 of the Government Code provides: “A state officer or employee shall not engage in any employment, activity, or enterprise which has been determined to be inconsistent, incompatible, or in conflict with his duties as a state officer or employee or with the duties, functions or responsibilities of his appointing power or the agency by which he is employed.
“Each appointing power shall determine and prescribe, subject to approval of the board, those activities which, for employees under his jurisdiction, will be considered inconsistent, incompatible or in conflict with their duties as state officers or employees. ...”
Pursuant to said section 19251, the Department of Alcoholic Beverage Control filed with the State Personnel Board a ‘ ‘ Statement of Activities That Are Inconsistent, Incompatible, or in Conflict With Duties as an Employee of the Department of Alcoholic Beverage Control.” The statement was approved by the executive officer of the State *581 Personnel Board on September 27, 1955. Paragraph 2 of the statement provides in part as follows;
“2. Specific Inconsistent Activities Enumerated.
“In accordance with the requirements of section 19251 of the Government Code, the Department of Alcoholic Beverage Control has determined and prescribed, with the approval of the State Personnel Board, the following employments, activities, or enterprises, which for employees under the jurisdiction of the Department of Alcoholic Beverage Control are considered inconsistent, incompatible, or in conflict with their duties as State officers or employees:
“f. Receiving, obtaining, soliciting, or otherwise seeking gratuities or loans of credit, money, or anything of value from persons licensed by this Department.”
Pursuant to the statement of activities incompatible with public service, the acceptance of a gratuity from a licensee of the Department of Alcoholic Beverage Control is prohibited. These rules were in full force and effect on December 27, 1955, and Mr. Byrne was fully acquainted with them. In final analysis, it makes little difference whether Mr. Byrne’s after-dinner drink was ultimately paid for by the licensee or by the bar manager since the bar manager was an agent of Villa Lorenzo. It is elementary that the acts of an agent incidental to his employment are the acts of the principal. In this case the gratuity was accepted after lunch, at the bar, on the licensed premises, through the bar manager and during the course of a discussion of some phase of the licensee’s official business with the Department of Alcoholic Beverage Control. The drink was ultimately paid for by the licensee. There was no abuse of discretion on the part of the board in dismissing Mr. Byrne from state service on this ground alone.
We cannot agree with appellant that the finding that the acceptance of a gratuity from the licensee in the instant case was an activity incompatible with public service is not supported by the record. It must be borne in mind that the Alcoholic Beverage Control Board has charge of a department which requires the strictest regulation, and a rule that its employees may not accept gratuities from licensees is not only a salutary rule but a necessary one. Whether the penalty imposed upon appellant in the instant case was unduly harsh is not for this court to determine.
Finding X found that appellant had made false statements to a police officer of the city of Oakland, as here *582 mbefore set forth, and that he had also made a false statement to his superior when questioned about the incident. Appellant does not attack the portion of finding X which finds that he made false statements to an Oakland police officer, but does attack the part of finding X which finds that he made a false statement to his superior officer. He contends that that part of the finding is not within the issues framed by the notice of punitive action. It is true that the notice of punitive action does not specifically charge appellant with lying to his superior, and even though evidence was introduced without objection to the effect that Mr. Byrne repeated this falsehood to his superior on the day after his encounter with the police, we do not believe that that part of finding X can be sustained. However, removal of such portion of the finding would not vitiate the decision because the finding that appellant made a false statement to the police officer is amply sustained by the record and is in fact not disputed by appellant.
Appellant as an agent of the Department of Alcoholic Beverage Control also had the status of a peace officer in carrying out the duties of his employment. (Bus. & Prof. Code, § 25755.) He knew or should have known that his false statement to a police officer in the performance of an official duty would discredit him and his fellow workers. The respondent board had the right to conclude that appellant’s false statement to the police officer constituted an act which was incompatible with public service.
The people of California adopted the civil service constitutional amendment in order to secure a high standard of public service and a high standard of conduct in public service. The State Civil Service Act was enacted to implement and carry out the constitutional amendment. The State Personnel Board was created to administer the act and to carry out the high purposes of the constitutional amendment and the act. The act states that every state employee “shall prove himself in his behavior inside and outside the service worthy of the esteem which his office or position requires,” and that he “shall not engage in any employment, activity, or enterprise which has been determined to be inconsistent, incompatible, or in conflict with his duties as a state officer or employee. ...” (Gov. Code, §§ 19250 and 19251.)
We cannot agree with appellant that the Alcoholic Beverage Control Board’s action in dismissing appellant from his position in the department is without support in the record.
*583 Appellant contends also that the hearing officer committed prejudicial error in admitting into evidence over objection testimony relating to the prior suspensions of appellant. There is no merit in this contention. Section 19582, subdivision (d), of the Government Code provides: “In arriving at a decision or a proposed decision the board or its authorized representative may consider any prior suspension or suspensions of appellant by authority of any appointing power, or any prior proceedings under this article.” Appellant argues that said section 19582 is too uncertain to be applied but cites no authority to support his contention. We think it is clear that the Legislature intended that in hearings in disciplinary matters the board in arriving at a decision and fixing a penalty could consider prior suspensions.
No other points raised require discussion.
We are convinced that the findings of respondent board that the acceptance by appellant of the gratuity and his false statements constituted acts incompatible with public service within the meaning of subdivision (s) of section 19572 of the Government Code and that the latter also constituted inexcusable neglect of duty within the meaning of subdivision (d) of said section 19572 are supported by the record and that the order dismissing appellant from his civil service position must be sustained. Although it may well be argued that the penalty imposed against appellant in the instant matter was unduly harsh, we cannot hold that the penalty of dismissal was an abuse of the discretionary power of the board.
The judgment is affirmed.
Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

 Assigned by Chairman of Judicial Council.