[Civ. No. 34490. Second Dist., Div. Three. Apr. 1, 1970.]

ROBERT E. GIBSON, Plaintiff and Appellant, v.
SAVINGS AND LOAN COMMISSIONER OF THE STATE OF
CALIFORNIA, Defendant and Respondent;
GENERAL SAVINGS AND LOAN ASSOCIATION et al.,
Real Parties in Interest and Respondents.

**COUNSEL**

Gibson, Dunn & Crutcher, Arthur W. Schmutz, John L. Endicott and Theodore B. Olson for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Arthur C. deGoede, Deputy Attorney General, for Defendant and Respondent.

Angell, Adams & Holmes, Philip H. Angell, Jr., Gareth W. Sadler and Peter R. Chernik for Real Parties in Interest and Respondents.

## OPINION

**COBEY, J.**—This appeal is from two orders of the superior court respectively denying without prejudice an alternative writ of mandate and temporary stays of an order of the Savings and Loan Commissioner approving the merger of three savings and loan associations.[1] Petitioner is a substantial minority shareholder in one of the two nonsurviving associations who objected unsuccessfully at the hearing before the commissioner, not to the merger itself, but to the exchange ratio of the shares of the associations involved in the merger. In this connection he brought out, among other things, at the administrative hearing that the majority shareholder of the association, in which petitioner owned shares, probably bought his shares for the purpose of merging the association into the surviving association in which this shareholder beneficially held a much more valuable block of shares than his holdings in the nonsurviving association.

Petitioner initiated the special proceeding before us in order to obtain judicial review by way of administrative mandamus (Code Civ. Proc., § 1094.5) of the merger order.

On the merits the intial question presented by this appeal is whether a dissenting shareholder, such as petitioner, is entitled to any judicial review of the merger order in view of the provisions of Financial Code section 9204 and Corporations Code, section 4123. (See *Giannini Controls Corp.* v. *Superior Court,* 240 Cal.App.2d 142, 154-155 [49 Cal.Rptr. 643].)

We do not reach the merits of this appeal, however, because we have concluded that we are without appellate jurisdiction in this case for the reasons which we will now set forth.

### THE APPEALABILITY OF THE ORDERS

██ Generally speaking, an appeal lies, with certain exceptions not here material, only from a final judgment—that is, a judgment terminating the proceeding below and finally determining the rights of the parties therein. (See Code Civ. Proc., § § 1110, 1064, 901, 904, 904.1 subd. (a) (1); *Turner* v. *Los Angeles Realty Board,* 233 Cal.App.2d 755, 758 [43 Cal.Rptr. 919], hear. den.) ██ The order denying petitioner's proposed

---

[1] The parties were in agreement at the oral argument that this court might consider as part of the record on appeal the record of the administrative hearing, the transcript of the trial judge's remarks in chambers when he refused the relief petitioner sought, and the record of the unsuccessful writ proceedings seeking stays by this court of the merger order.

temporary stay orders was obviously not a final judgment and therefore was not an appealable order.[2]

■ We reach the same conclusion in regard to the order denying an alternative writ of mandate in view of the fact that the trial court made clear that it was not dismissing petitioner's petition and that its summary denial of the alternative writ sought by petitioner was without prejudice to his either thereafter amending his petition and reapplying for relief by way of ordinary mandamus or to any remedies that he might have under the aforementioned Corporations Code section 4123.

In his briefs petitioner has relied upon only three cases as establishing the appealability of the order summarily denying him an alternative writ of mandate. These cases are *Black* v. *State Personnel Board,* 136 Cal.App.2d 904 [289 P.2d 863]; *Kingston* v. *Department of Motor Vehicles,* 271 Cal.App.2d 549 [76 Cal.Rptr. 614], and *Steen* v. *Board of Civil Service Commrs.,* 26 Cal.2d 716 [160 P.2d 816]. An examination of these cases reveals that in *Black* the appealability of this type of order was assumed without discussion. (See *Black, supra,* at p. 906.) In *Kingston,* the trial court ordered the petition denied; it did not merely deny the alternative writ sought, as was done here. Furthermore, the appellate court stated that, "it is absolutely clear from the record that the trial judge contemplated no further action on appellant's petition . . . ." (See *Kingston, supra,* at p. 552.) Likewise, in *Steen,* where the appeal was from a minute order denying without prejudice a petition for a writ of mandate, our Supreme Court stated that the trial court's "action was final insofar as appeal was concerned" and that "No further order was contemplated." (See *Steen, supra,* at p. 727.)

As has already been indicated, this was not the situation in the instant case. The trial court made it quite clear that it was not dismissing the petition and that petitioner was free to amend his petition to seek relief by way of ordinary mandamus. In other words, the trial court's denial of the alternative writ in administrative mandamus neither terminated the proceeding below nor finally determined the rights of the parties in the proceeding.

We have given thought to the possibility of our amending in this decision the trial court's order denying the alternative writ so as to make the order an appealable order. (See *Shepardson* v. *McLellan,* 59 Cal.2d 83,

---

[2]We note that both this court and our Supreme Court have already denied stays of respondent's order. At the oral argument it was conceded the subject matter of these orders had become moot.

88-89 [27 Cal.Rptr. 884, 378 P.2d 108].) The problem with our doing this is that the necessary amendment making the order a final judgment in the proceeding would be in direct conflict with the expressed intention of the trial court in denying the petitioner the relief he requested in the manner in which it did. This intention was to keep the petition before it for further action in the event petitioner decided to amend his petition. We believe we should respect this intention. (See *Schwartz* v. *Shapiro,* 229 Cal.App.2d 238, 246 [40 Cal.Rptr. 189], hear. den.)

The appeal from both the denial of the temporary stay orders and from the order denying the alternative writ of mandate is dismissed.

Schweitzer, Acting P. J., and Allport, J., concurred.