Filed 3/18/21  Larson v. Kim CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANDREW LARSON, | B301051 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC460381) |
| v. | |
| MOON KI KIM, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, James E. Blancarte, Judge.  Dismissed.

LimNexus, Lisa Y. Yang, Mark T. Hansen and George T. Busu for Defendant and Appellant.

Andrew Larson, in pro. per., for Plaintiff and Respondent.

————————————

Moon Ki Kim (Kim) purports to appeal from two orders denying his motions to quash the writ of execution and vacate the underlying affidavit of identity. We dismiss the appeal as the trial court never entered an appealable order. Rather, it entered interim orders to preserve the status quo and indicated it would address the merits of the matter at a future hearing after additional papers and motions were filed.

## BACKGROUND

Plaintiff Daisy Sandoval entered into a stipulated judgment putting an end to her wrongful termination action against the Law Offices of Moon Kim (the law offices). She assigned her judgment to Andrew Larson, dba HCR Beverly Hills (Larson), for collection. Without notice, Larson filed an affidavit of identity declaring that the judgment debtor law offices was also known as Moon Kim, an individual. (See Code Civ. Proc.,[1] § 680.135.)

Judge Moreton signed the affidavit of identity and ordered that Kim be added in his individual capacity as a judgment debtor to any writ of execution or abstract of judgment. Larson subsequently obtained a writ of execution and the sheriff levied on Kim's personal bank accounts.

Kim moved for a temporary restraining order to prohibit the collection of the judgment against his personal bank accounts. He moved to recall or quash the writ of execution and to vacate the order on the affidavit of identity. Kim argued he was never a party to Sandoval's lawsuit: He was not a named as

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

a defendant in his individual capacity and was never added as a Doe defendant.

Larson's opposition argued the judgment debtor law offices was really a sole proprietorship and a fictitious business name. Even if the law offices were a properly formed corporation, Larson argued that pursuant to section 187 the trial court should find that Kim was its alter ego. The opposition listed nine facts supporting his alter ego theory.

Judge Moreton recused himself and the matter was reassigned to Judge Blancarte who issued a temporary order restraining Kim's banks from releasing any property to the sheriff.

At the hearing on Kim's motion to recall the writ of execution and vacate the order on the affidavit of identity, Kim argued the affidavit was invalid because the individual is a different legal entity from the judgment debtor law offices. Kim added that Larson had not properly filed or served a motion to establish alter ego and so Kim had no notice of his addition to the judgment as an individual. Larson replied both that the law offices was a fictitious business name, and that Kim was its alter ego. As Larson was not an attorney, he had followed what he thought was the appropriate procedure to include Kim, as an individual, on the writ of execution.

The trial court expressed concern about the equities given Kim wanted a ruling that he was not individually liable on the judgment, while Larson sought to bind Kim, individually, in his capacity as an alter ego of the law firm without having filed a proper motion under section 187. Hence, the court decided "to take the facts that exist today and see what it is that would be fair and equitable on the theory that Mr. Kim is subject to an

alter ego theory." The court asked the parties to set a date to brief and argue whether Kim, as an individual, was the alter ego of the judgment debtor law offices. A discussion ensued with the clerk about reserving the next available court date. The court froze the funds in Kim's accounts necessary to satisfy the judgment and barred any further collection activity.

The August 20, 2019 minute order issued after the hearing stated that the court had denied without prejudice Kim's motion to vacate the affidavit of identity for several reasons: The court could not reconsider and overrule an interim ruling of another judge; the court lacked jurisdiction to reconsider the order because Kim had not filed or paid for a motion for reconsideration; and, Kim had never filed a motion under section 703.510 to claim exemptions to the writ of execution. It then indicated that the court had denied Kim's motion to quash the writ of execution without prejudice on the ground the writ of execution was based on an affidavit of identity that still listed Kim individually, and the court ordered Larson not to collect the subject funds and ordered Kim not to spend, transfer, or waste any of the subject funds *until further order*.

The court amended the minute order nunc pro tunc to add that before filing any motion regarding alter ego, Kim must file a motion to reconsider and vacate the affidavit of identity and order. Larson moved to amend the judgment to include an alter ego defendant, but by then Kim had already filed his notice of appeal.

## DISCUSSION

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the

4

trial court has entered a final judgment or other order or judgment made appealable by . . . section 904.1." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) Accordingly, we asked the parties to submit supplemental letter briefs addressing appealability. (See Gov. Code, § 68081.)

"Despite the inclusive language of . . . section 904.1, subdivision (b), not every postjudgment order . . . is appealable." (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651.) Here, the trial court issued a temporary stay of the writ of execution and froze Kim's assets, all until further order. It denied the motions to quash and vacate without prejudice so Kim could bring the proper motions. Also, recognizing that Larson had improperly used the affidavit of identity to add Kim as a new judgment debtor on the basis of the alter ego doctrine, it asked him to file a separately noticed motion. (See *McClellan v. Northridge Park Townhome Owners Assn.* (2001) 89 Cal.App.4th 746, 752 [motion under § 187 is correct procedure to add judgment debtor on alter ego grounds].) The record is clear that the court intended to rule on the competing requests after the parties filed the proper motions.

As the court expressly contemplated further proceedings, and no rulings on the merits had been made, the order of August 20, 2019 is not appealable. (See, e.g., *Gibson v. Savings & Loan Commissioner* (1970) 6 Cal.App.3d 269, 272 [denial

without prejudice of alternative writ not appealable where court did not intend order to finally determine parties' rights].) Accordingly, we dismiss the appeal.[2]

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED.

SALTER, J.[*]

We concur:

LAVIN, Acting P. J.

EGERTON, J.

---

[2] Kim argues in his supplemental letter brief that even if the order of August 20, 2019 is not appealable, the May 6, 2019 order on the affidavit of identity is independently appealable and his timely notice of appeal separately identified the earlier order. However, as Kim also acknowledged in his letter brief, the validity of the May 2019 order was at issue in the August 20, 2019 interlocutory order, and so it suffers the same fate.

[*] Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.