[L. A. No. 12146. In Bank.—July 18, 1930.]

J. R. KELLEY, Petitioner, v. W. S. KINGSBURY, Surveyor-General, etc., Respondent.

Charles A. Son and Wilbert Morgrage for Petitioner.

U. S. Webb, Attorney-General, and Charles A. Wetmore, Deputy Attorney-General, for Respondent.

THE COURT.—Alleging that he has fully complied with all the preliminary requirements of the "Mineral Leasing Act" (Stats. 1921, p. 404), petitioner has applied for a writ of mandate to compel the respondent to issue a permit to him to prospect for oil and gas upon certain designated tide lands located within the Elwood oil-field. Upon issuance of the alternative writ the respondent interposed a general demurrer and filed a return to the writ.

In the return the respondent alleges that on September 7, 1928, which was long before petitioner made an application for permission to lease, the respondent, in his official capacity and by virtue of the authority conferred by section 18 of the Mineral Leasing Act, *supra,* defined the boundaries of the Elwood oil-field as including the lands herein involved, from which fact respondent takes the position that the application of the petitioner for a permit to lease lands in the field was properly denied. The respondent sets forth in his return several other grounds for the denial of the permit, which need not be here considered for the reason that the above ground, in our opinion, formed a proper basis for the denial of petitioner's application.

The act providing for the granting of permits to residents of the state to enter and prospect upon tidal and submerged lands and to lease the same on a royalty basis has been given extended consideration by this court and held to be a valid exercise of the sovereign power of the state and not in any way impinging upon the state or federal Constitutions, and not in conflict with any act of Congress or of the state of California. (*Boone* v. *Kingsbury,* 206 Cal. 148, 194· [273 Pac. 797].) The act confers express power and authority on the surveyor-general to determine the exterior boundary lines of any oil-field in the state. There can be no doubt, therefore, of the power and authority of the surveyor-general to make the order of September 7, 1928, *supra,* by which respondent defined the exterior boundaries of the Elwood oil-field as including the lands in question. Petitioner, however, contends that the order by which respondent classified the tide lands in question as being within the geologic structure of Elwood field was incorrect and arbitrary, and that the lands covered by the application are not, as a matter of fact, within the geo-

logic structure of the field. He contends that they are approximately eight miles from the producing wells in the field, and alleges that he has an opinion rendered by the state oil and gas supervisor that the lands embraced within his application had no relation to the geologic structure of Elwood field.

We are of the view that petitioner has failed utterly to make out a case warranting the issuance of a writ of mandate. It is elementary that the function of a writ of mandate is to compel an officer to act in a particular way only on a showing of a manifest abuse of discretion. Even were we in position to pass upon the question as to the validity of the order of September 7, 1928, defining the boundaries of Elwood oil-field, the petitioner has failed to allege any facts showing an abuse of discretion on the part of the respondent. Other than the allegation as to the opinion of the oil and gas supervisor that the lands are not within the geologic structure of the oil-field, petitioner merely alleges, as a conclusion of law, that the order of the respondent "was incorrect and arbitrary."

The alternative writ is discharged, the prayer for a peremptory writ is denied and the proceeding is dismissed.

Shenk, J., concurred in the judgment.

Langdon, J., deeming himself disqualified, did not participate.