[Civ. No. 1126. Fourth Appellate District.—July 12, 1934.]

SAN DIEGO COTTON CLUB, INC. (a Corporation), Respondent, v. STATE BOARD OF EQUALIZATION et al., Appellants.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Appellants.

William Roy Ives for Respondent.

HAINES, J., *pro tem.*—This is a proceeding in *mandamus.* The petitioner, San Diego Cotton Club, Inc., alleges its incorporation under the laws of California and that its principal place of business is in San Diego County. The respondents in the trial court were the State Board of Equalization and John C. Corbett, Fred E. Stewart, R. E. Collins and H. G. Cattell, members thereof, and Louis C. Maire, designated in the petition as "Administrator of District No. 6".

The petition alleges that the respondents are "charged with the enforcement and administration of the State Liquor Control Act, Chapter 658, Statutes of 1933, known as 'An act to control, license, and regulate the manufacture, transportation, sale, purchase, possession and disposition of wines, beer, and intoxicating liquor; to make an appropriation therefor; and to provide penalties for the violation hereof,' approved June 3, 1933." The petition goes on to allege that respondent board is charged, in respect of application for licenses, with the duty of making, with reference thereto, investigations and determinations in the particulars specified in section 12 of said act, and that petitioner has complied with all of the requirements of that section in that it occupies premises "on which the equipment, plans and specifications thereof exist as required by law and the rules of the board; that petitioner has never had a license suspended, forfeited or revoked under the provisions of said act; and that petitioner is of good moral character and has submitted proof to respondents of such good moral character". It is further alleged that pursuant to law, petitioner, on forms prescribed by the board, applied to respondents for a license for the year 1934, described as an "On Sale Beer and Wine License", in January of that

year, and forwarded therewith the required $50 fee which respondents demanded, received and retained, but that nevertheless respondents refused and still continue to refuse to issue the license. The petition further states that petitioner conducted an unincorporated club in 1933 and had an "On Sale Beer and Wine License" issued for that year by respondents, and that the denial by respondents of a license for 1934 was for the alleged reason that petitioner "was not conducting his (its) business in a legal and proper manner", but that respondents have refused to advise petitioner of any specific acts as a basis for such conclusion; that respondents in refusing to issue such 1934 license have arbitrarily, unreasonably and unlawfully destroyed petitioner's business and are causing it. great and irreparable injury, and that their action is capricious and unreasonable and a discrimination against petitioner in favor of the applicants who received licenses in "similar and identical circumstances"; that respondents have, in the manner alleged, abused the discretionary powers and duties imposed upon them by law and that the petitioner has no complete and adequate remedy at law. The petitioner prays for an alternative writ of mandate requiring respondents to issue to it the license, or show cause why they have not done so. Such an alternative writ issued.

The respondents appeared and filed a demurrer both general and special to the petition. Their demurrer was overruled and, upon their failure to answer, judgment was entered awarding to petitioner a peremptory writ requiring them to issue the license. From this judgment the present appeal is prosecuted.

In our opinion the demurrer should have been sustained. To furnish any basis for the relief sought the petition for a writ of mandate must show on its face that the respondents are under some duty to do what the petition asks that they be required to do. (*Meyer* v. *San Francisco,* 150 Cal. 131, 134 [88 Pac. 722, 10 L. R. A. (N. S.) 110].) Under section 12 of the State Liquor Control Act the Board of Equalization is inhibited from granting a license to an applicant who has not complied with the provisions of that particular section. Section 13, however, going farther, in terms authorizes the refusal of "the license applied for if the applicant does not comply with the provisions of

this act . . . '' The petition, in effect, alleges compliance with the requirements of section 12, but says nothing about compliance with any other requirements except those relating to the form of the application for a license. Everything alleged might be true and the petitioner still be disqualified to receive a license. For aught that appears it may be interested in a ''business in respect to which a winery, brewery or distillery license is issued'', in which case by reason of section 26 of the act it could not be entitled to receive an ''On Sale'' license. Moreover, the mere allegation of its good character seems to us a very equivocal and insufficient negation, if it amounts to a negation at all, of the possibility that it may, while in the very act of applying for the license, be violating section 3 of the act to the effect that ''No public saloon, public bar or bar-room or other public drinking place where intoxicating liquors to be used for any purpose shall be kept, sold, consumed or otherwise disposed of shall ever be established, maintained or operated within this state.''

Since the petition does not, on its face, sufficiently negative the existence of circumstances in which the board is by this statute itself expressly authorized to deny the license sought, we do not find it necessary to follow counsel in discussing what the situation would be had the petitioner alleged in its pleading that it was fully complying with all the requirements of the act.

The judgment is reversed.

Barnard, P. J., and Jennings, J., concurred.