[Civ. No. 2157.   Fourth Appellate District.—December 27, 1938.]

ALEX MORALES, Jr., Respondent, v. RAY INGELS, as Director of the Department of Motor Vehicles, et al., Appellants.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Appellants.

No appearance for Respondent.

GRIFFIN, J.—On the 18th day of September, 1937, a petition for a writ of mandate was filed in the Superior Court

of Orange County by Alex Morales, Jr., petitioner and respondent, against appellants Ray Ingels, as Director of the Department of Motor Vehicles of the State of California, and Paul Mason, as Chief of the Division of Drivers' Licenses of the Department of Motor Vehicles of the State of California, praying for an alternative writ, commanding them to issue to petitioner an operator's license to drive and operate motor vehicles upon the highways of the state of California or show cause before the court why they have not done so. An alternative writ was so issued. On December 7, 1937, the day of the hearing, a judgment was made ordering appellants forthwith to issue to petitioner an operator's license. The appeal is from this judgment.

The amended petition for the writ presents in substance the following facts: On the 17th day of December, 1936, petitioner was notified in writing by Paul Mason, as Chief of the Division of Drivers' Licenses, that his privilege to operate a motor vehicle had been revoked by the department in accordance with the provisions of section 314 (a), subdivision (3) of the Vehicle Code, for the reason that he was an habitual violator of the traffic laws according to the records of the department, and petitioner was requested to surrender his operator's license unless a hearing was demanded in accordance with section 314 (d) of the Vehicle Code. Petitioner demanded a hearing. The hearing was properly held at the time and place specified, before a board of three officers of the department. The petitioner was present with counsel and testimony was taken. At the conclusion of the hearing petitioner was informed that findings would be prepared and presented to Ray Ingels, as Director of the Department of Motor Vehicles. The following report was made by the board:

"Report of Findings, Review of Testimony and Recommendation for Revocation of Driving Privilege.

"Re: Alex Morales.

"Upon the conclusion of the hearing of Alex Morales, 410 South Olive, Anaheim, California, and upon reviewing the testimony, it is the recommendation of the Board that the order of the Director revoking the driving privilege of Alex Morales be sustained.

"Appointed to hold the above hearing by the Director of the Department of Motor Vehicles.

"DONALD I. SQUIRES
"GEORGE PETERKIN
"SAM BAGBY."

On March 9, 1937, Ray Ingels, Director, sustained the recommendation of the board and revoked the license effective as of March 1, 1937. Petitioner was duly notified of this action. His license would have otherwise expired June 19, 1937.

On July 30, 1937, petitioner duly applied for an operator's license, took the necessary examinations and claims that he passed all of the required tests and alleges that his application for such license was filed with the department of motor vehicles on August 4, 1937; that appellants refused to consider petitioner's application and to issue him an operator's license. Counsel for petitioner has failed to file a brief in support of the order of the trial court.

The only basis for the issuance of the writ, as we determine from the record, is petitioner's claim that no findings were prepared by the trial board as required by section 315, subdivision (c) of the Vehicle Code.

Section 270 of the Vehicle Code provides as follows:

"The department shall not issue or renew an operator's or chauffeur's license to any person: . . .

"(b) When a license previously issued to such person hereunder has been revoked until the expiration of one year after the date of such revocation except where a different period of revocation is prescribed by this code or unless the revocation was for a cause which has been removed."

Although the procedure prescribed for the commencement of actions before governmental administrative agencies and judicial tribunals is not in all instances alike, nevertheless, it is not so dissimilar as to change the principles of law relative to the invocation of a writ of mandate. ■ To furnish any basis for the relief sought, the petition for a writ of mandate must show that the respondents are under some duty to do what the petition asks that they be required to do. (*Meyer* v. *San Francisco*, 150 Cal. 131 [88 Pac. 722, 10 L. R. A. (N. S.) 110] ; *San Diego Cotton Club* v. *State Board of Equalization*, 139 Cal. App. 655 [34 Pac. (2d) 749].) [2] What was the duty especially enjoined by law upon

appellants to be performed by them, which they failed to perform under the delegations set forth in the amended petition ?

The only step in the proceeding required to be performed and which was not performed was the preparation by the trial board of findings. If petitioner desired findings he should have aimed his petition in that direction, i. e., at the trial board, after demand had been made therefor, and not at the director, to issue a license which he had, in the exercise of his discretion, previously revoked and which he was especially enjoined by law from reissuing until one year from the date of the revocation had expired. (Sec. 270, Vehicle Code.) ·

A writ of mandate may not issue to compel an officer or board to act in any particular way except in the performance of ministerial duties, and never to control the exercise of discretion unless it has been abused, and in the instant case there is no such allegation. (*Kelley* v. *Kingsbury,* 210 Cal. 37 [290 Pac. 885] ; *Doble Steam Motor Corp.* v. *Daugherty,* 195 Cal. 158 [232 Pac. 140].)

The judgment of the trial court is reversed.

Barnard, P. J., and Marks, J., concurred.