[Civ. No. 19768.   Second Dist., Div. Two.   Dec. 11, 1953.]

ROBERT A. PERRY, Appellant, v. FORD A. CHATTERS et al., Respondents.

Shirley M. Hufstedler for Appellant.

Edmund G. Brown, Attorney General, and Lee B. Stanton, Deputy Attorney General, for Respondents.

McCOMB, J.—Plaintiff was an employee of the State of California, holding the position of Inspector of Economic Poisons and Fertilizers, Bureau of Chemistry, Department of Agriculture, with permanent civil service status from December 14, 1941, to February 25, 1952. On December 13, 1951, plaintiff received a notice of punitive action by the appointing authority under Government Code, section 19574,* and on February 23, 1952, plaintiff was served with a second notice of punitive action signed by defendant A. A. Brock, of the Department of Agriculture of the State of California, discharging plaintiff as of February 25, 1952.

The notice charged plaintiff with certain acts and conduct which were alleged to constitute drunkenness on duty, intemperance, inexcusable absence without leave, willful disobedience, misuse of state property and failure of good behavior, and acts which are incompatible with and inimical to the public service within the meaning of section 19572, subdivisions (h), (i) (k), (p), (q), and (s).

Plaintiff filed his answer to the notice in which he denied a substantial number of the allegations and made certain affirmative allegations.

A hearing was held by the State of California Personnel Board before duly appointed hearing officers of the board. After receiving oral and documentary evidence on behalf of plaintiff and defendants, and after making findings of fact, the board rendered its decision on July 18, 1952, sustaining

---

*Section 19574, Government Code reads: ''The appointing power, or any person authorized by him, may take punitive action against an employee for one or more of the causes for discipline specified in this article by notifying the employee of the action, pending the service upon him of a written notice. Punitive action is valid only if a written notice is served on the employee and filed with the board not later than fifteen calendar days after the date of such action. The notice shall be served upon the employee either personally or by mail and shall include: (a) a statement of the nature of the punitive action; (b) the effective date of the action; (c) a statement of the causes therefor; and (d) a statement advising the employee of his right to answer the notice and the time within which that must be done if the answer is to constitute an appeal.''

without modification the action taken by defendant Brock dismissing plaintiff from his position.

Plaintiff filed a request for rehearing with the board which was denied on September 5, 1952. On October 14, 1952, plaintiff filed his petition for an alternative writ of mandate in the superior court of Los Angeles. The matter was submitted on the transcript of the record of the hearing and the written briefs of counsel. The trial court entered an order January 7, 1953, denying plaintiff's petition for an alternative writ of mandate. From this order he appeals.

Question: *Did the petition for a writ of mandate fail to state a cause of action?*

*Yes.* ▮ In order to state a cause of action the petition for a writ of mandate must set forth facts showing that plaintiff is entitled to the relief he seeks. (*Dierssen* v. *Civil Service Com.*, 43 Cal.App.2d 53, 64 [110 P.2d 513] ; *Kelley* v. *Kingsbury*, 210 Cal. 37, 39 [3] [290 P. 885].)

▮ In the present case plaintiff has failed to meet the requirements of this rule. He merely stated that the defendant board's decision was not supported by the evidence. Such a statement is merely a conclusion of law and not a statement of fact. (*Kelley* v. *Kingsbury, supra*, 39 [3].) The petition fails to indicate in any manner whatever wherein the evidence produced was insufficient. Thus the petition fails to contain an essential allegation upon which to predicate a claim of the insufficiency of the evidence to sustain the defendant board's findings. (*Dierssen* v. *Civil Service Com., supra*, 64.)

In view of our conclusions it is unnecessary to consider other questions argued by counsel in their briefs. The trial court did not abuse its discretion in denying plaintiff's petition for a writ of mandate.

Affirmed.

Moore, P. J., and Fox, J., concurred.