[Civ. No. 9220. Fourth Dist., Div. Two. May 23, 1969.]

ROY J. WARD et al., Plaintiffs and Appellants, v. COUNTY OF RIVERSIDE et al., Defendants and Respondents.

354

Taylor & Smith and Edward F. Taylor for Plaintiffs and Appellants.

Ray T. Sullivan, Jr., County Counsel, and Gerald J. Geerlings, Deputy County Counsel, for Defendants and Respondents.

McCABE, P. J.—The petitioners prayed for a writ of mandate and prohibition directing the Board of Supervisors of Riverside County to vacate their order of August 18, 1967,[1] denying a permit and to substitute an order granting petitioners a conditional use permit to operate a rock quarry, portable rock crusher equipment and portable asphalt plant on certain property owned by them in the unincorporated area of Riverside County, zoned M-3. Under this zone several uses required a conditional use permit. One such use was that applied for by petitioners.

On May 3, 1967, the petitioners applied for a permit as required by the ordinance with the Riverside County Planning Commission (Commission). After a hearing, the Commission recommended, by a letter dated June 27, 1967, to the

---

[1]The petition is probably referring to the order of August 14, 1967, as the record does not disclose any order of August 18, 1967.

board of supervisors (Board) that such be granted subject to certain conditions. The Board considered the question on July 3, 1967, at its first meeting following the receipt of the Commission recommendation. At that meeting, by unanimous vote of the Board the case was ordered back to the Commission "for further conditions." On July 10, 1967, an appeal to the Board from the recommendation of the Commission was filed by four land owners, who had property within close proximity to that of petitioners. The Commission reconsidered the matter and by a letter dated July 14, 1967, the Planning Director recommended the Board hold a public hearing on the application.[2] On July 17, 1967, the Board set a public hearing for August 14, 1967 on the application.

The Board's minutes of August 14, 1967, indicate at that hearing three people spoke in favor of the permit being issued; 12 people spoke against issuance and no one else desired to speak; approximately 60 persons in the audience raised their hands in opposition; and a petition was presented containing 3,121 signatures in opposition to the permit. In addition, the county planning director made an oral presentation and photographs of rock crushing plants were filed as exhibits. At the end of the hearing, the application for the permit was denied by a 4-0 vote of the Board.

Petitioners make two arguments: (1) The Board's denial of their permit is contrary to the county zoning ordinance and in excess of its jurisdiction; and (2) there is no substantial evidence to support the Board's action in denying the permit.

Under Riverside County Zoning Ordinance No. 348, section 3.1, the application for a permit for the above kind of activity must demonstrate "that the proposed use will not endanger the public health or safety or conflict with or be adverse to the general welfare." Under provisions of article XVIII of this ordinance the initial decision to grant or deny a permit is made by the Commission. This decision to be made within a reasonable time after the closing of the hearing and must be filed with the clerk of the Board, not more than 15 days after the making of such decision. The clerk must place the notice of decision on the Board's agenda for the next regular meet-

---

[2]The text of the letter was as follows: "Pursuant to the order of your honorable Board dated July 10, 1967, on the above matter that additional conditions be recommended, it is respectfully recommended that your honorable Board hold a public hearing for the purpose of giving the matter further consideration. It appears that considerable misunderstanding has arisen with respect to the operation, its location and type of equipment proposed."

ing which is held five or more days after such notice has been filed. Under section 18.26 (7), a part of article XVIII, the granting or denial of an application by the Commission becomes final seven days after it is placed on the Board's agenda, with no action on the part of the Board, unless either: (a) an appeal to the Board is made by the applicant or an owner of property within 300 feet of the property subject to the use permit, or (b) the Board transfers the application to it for further proceedings.

In the instant case the petitioners argue that neither procedure was followed, but rather the Board within the seven days ordered the matter sent back to the Commission for consideration of further conditions. Although an appeal by four land owners was filed after that order was made and within the seven days, it is undisputed that the four land owners were not qualified under the ordinance to appeal to the Board because they did not own land within 300 feet of the subject land.

Petitioners' first argument, narrowly stated, is whether the Board's July 3, 1967 order sending the matter back to the Commission for consideration of further conditions, satisfied the requirements of section 18.26(7)(b) that the Board order the application transferred to it for further proceedings. It is noted that once the application is transferred to the Board, under section 18.26(8)(c), the Board can refer the matter back to the Commission as it did; however, the question is whether it can do so without first formally transferring the matter to the Board.

The respondents agree the July 3, 1967 minute order of the Board does not specifically state that the Board ordered the matter transferred to itself; however, they argue such was clearly the Board's intent. Such intent it is argued was manifest in the Board's proceeding to order the matter back to the Commission, transferral to the Board being a precondition of such action. The respondents argue that informality is typical of the actions of all governing bodies and that the Legislature has recognized this in Government Code, section 65801, which reads as follows: "Formal rules of evidence or procedure which must be followed in court shall not be applied in zoning matters, except to the extent that a county or city may provide therefor. *No action,* inaction or recommendation *regarding any zoning matter by any legislative body or any administrative body or official of any county or city shall be held void or invalid* or be set aside by any court on the ground of the

improper admission or rejection of evidence or *by reason of any error, irregularity, informality, neglect or omission* (hereinafter called 'error') *as to* any matter pertaining to petitions, applications, notices, finding, records, hearings, reports, recommendations, appeals or *any matters of procedure whatever,* including, but not limited to, those included in this section, *unless after an examination of the entire case, including the evidence, the court shall be of the opinion that the error complained of was prejudicial, and that by reason of such error the party complaining or appealing sustained and suffered substantial injury, and that a different result would have been probable if such error had not occurred or existed.* There shall be no presumption that error is prejudicial or that injury was done if error is shown.'' [Italics added.]

■ No cases were cited nor have we found any interpreting this section; however, the meaning is clear: A court may not disturb zoning actions because of procedural irregularities unless from an examination of the entire record it concludes that prejudice resulted. ■ We need not decide in the instant case whether there was a procedural irregularity since petitioners have not provided us with a reporter's transcript of the public hearing before the Board; further, petitioners have not specified how they were in any way prejudiced by the instant procedure; and lastly, from a review of the minute order in the clerk's transcript it appears that the Board at the hearing on August 14 heard testimony from 16 different people, received other evidence and only then denied the permit. Petitioners would appear to be relying upon a technicality. Their argument is without merit because they have not shown how they were in any way prejudiced.

The cases cited by petitioners do not support their argument. In *Johnston* v. *Board of Supervisors,* 31 Cal.2d 66 [187 P.2d 686], the Supreme Court held that a board of supervisors could not issue a zoning permit where under their local zoning ordinance approval is first required of the planning commission, and it had previously rejected the permit. *Johnston* is factually very distinct from the instant case wherein the Board had full authority to issue or deny the permit and the only exception taken was to a possible procedural technicality. In *Saks & Co.* v. *City of Beverly Hills,* 107 Cal.App.2d 260, 264-265 [237 P.2d 32], the court found prejudice, in that the public hearing on the zoning question was not before a fair and impartial tribunal. In *Redwood City Co. of Jehovah's Witnesses, Inc.* v. *City of Menlo Park,* 167 Cal.App.2d 686,

697-698 [335 P.2d 195], the court found all standards in the zoning ordinance to be complied with and, therefore, the council's action in denying the permit was arbitrary and capricious. All the cases are clearly distinguishable from the instant case. There being no authority to the contrary, Government Code, section 65801, applies. Therefore, even assuming there was a procedural irregularity, we find it immaterial since there is no showing of prejudice as required by that section.

Petitioners' second argument suffers from a similar infirmity in that the appellate court cannot review the substantiality of the evidence in support of the Board's denial of petitioners' permit without a transcript of the evidence presented to the Board on August 14, 1967. Petitioners attack the minute order of August 14, 1967, as not enumerating substantial evidence on which the Board's decision was based. While it is true the minute order is lacking such a statement, this does not mean that the Board's decision was not based upon substantial evidence, but merely that such evidence was not enumerated in the minute order. Petitioners have not cited any statutory or other authority that the Board was required to enumerate in the minute order the evidence relied on in its decision.

As stated in the case of *Perry* v. *Chatters,* 121 Cal. App.2d 813, 815 [264 P.2d 228], "In order to state a cause of action the petition for a writ of mandate must set forth facts showing that plaintiff is entitled to the relief he seeks."

Merely stating that the defendant Board's decision was not supported by the evidence, without specifying wherein the evidence produced was insufficient, amounts to a failure of the petition to contain an essential allegation upon which relief can be predicated.

In the case of *County of Contra Costa* v. *Social Welfare Board,* 199 Cal.App.2d 468, 471 [18 Cal.Rptr. 573], a proceeding in mandamus, the court said: " '. . . the plaintiff must either attach to the complaint a complete transcript of all the evidence upon which the authority acted . . . or, at the minimum, must allege the substance of all of the evidence which the authority did receive and further aver with particularity the elements, aspects and the principles wherein such evidence, considered in the light of the plaintiffs' contention, supports the conclusion that the authority abused the discretion vested in it.' "

The petitioners have the burden of proof since there is

a presumption the agency regularly performed its official duty, (Cal. Administrative Mandamus (Cont.Ed. Bar) pp. 217-218; Evid. Code, § 664). This burden has not been met. It is undenied that the August 14, 1967 public hearing and proceedings were tape recorded and a transcript of them could have been obtained. From the minute order there is no doubt but that the Board heard testimony from both sides and allowed all who wished to speak on the matter an opportunity to do so. Under the circumstances, we cannot find there is insufficient evidence in support of the Board's action.

Judgment affirmed.

Kerrigan, J., and Tamura, J., concurred.

A petition for a rehearing was denied June 6, 1969.