[Civ. No. 42212. Second Dist., Div. Two. Mar. 21, 1974.]

LEON S. PAULE, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD et al., Defendants and Respondents.

**COUNSEL**

Fred Steinberg for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Alan Hager, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**ROTH, P. J.**—The issue presented on this appeal from a judgment denying a peremptory writ of mandate, which was heard on pleadings, declarations and a stipulation, is whether the State Personnel Board (Board) under its enabling statutes has discretion to authorize promotional examinations within a given department to the exclusion of other state employees who are not members of the department in which the promotion is to be made.

Respondent Board announced a departmental promotional examination in the Department of Water Resources (Resources) for Staff Counsel III but Resources limited it to eligible members of Resources.

It was stipulated that Leon S. Paule (appellant) is an attorney holding the position of Staff Counsel I with the state Department of Real Estate; fulfilled the qualifications for Staff Counsel III open in Resources; and that he properly applied and was not permitted to take the examination for the sole reason that he was not employed by Resources.

Appellant, citing article XXIV, section 1, subdivision (b) of the state Constitution and Government Code, section 18951, in three causes of action challenges the authority of Board to restrict civil service examinations for higher level positions for department promotion to the eligible employees of the department; asserts excess of jurisdiction and finally alleges a controversy as to the authority of the Board to conduct such examination. The prayer seeks an injunction restraining Board from filling the position until appellant and persons similarly situated[1] are permitted to take the examination.

Appellant's petition for mandate clearly bottomed, as it is, upon the averments that Board had no authority to restrict the examination and acted in excess of its statutory powers is governed by Code of Civil Procedure, section 1085. (*Pitts* v. *Perluss* (1962) 58 Cal.2d 824 [27 Cal.Rptr. 19, 377 P.2d 83]; *Wilson* v. *Hidden Valley Mun. Water Dist.* (1967) 256 Cal.App.2d 271, 277-278 [63 Cal.Rptr. 889].)

Our review is thus limited to ". . . whether [Board's] action has been arbitrary, capricious or entirely lacking in evidentiary support, . . ." (*Pitts* v. *Perluss* (1962) 58 Cal.2d 824, 833 [27 Cal.Rptr. 19, 377 P.2d 83].) This is not a case for nor does the petition before us seek a review under Code of Civil Procedure, section 1094.5 which provides for and may require independent judgment after a review of proceedings held before a state-wide Board. (*Pitts, supra,* p. 833.)

Article XXIV, section 1, subdivision (b), of the California Constitution provides: "In the civil service permanent appointment and promotion shall be made under a general system based on merit ascertained by competitive examination."

Section 2 of the same article provides for a Personnel Board, and section 3 provides that the Personnel Board shall enforce the civil service statutes. Section 3 further provides that the Personnel Board shall make classifications and adopt other rules as authorized by statute.

---

[1]After the original complaint was filed in this case appellant filed a supplement to the petition for a writ of mandate which indicated that respondent had published nine additional announcements for promotional examinations for attorneys and in each case applications were restricted to employees of the department in which the examination was to be given.

The Legislature has provided in sections 18950 and 18951 for the filling of vacancies by promotion. Section 18950 provides: "Vacancies in positions shall be filled insofar as consistent with the best interests of the state from among employees holding positions in appropriate classes, and appropriate promotional lists shall be established to facilitate this purpose. Examinations shall be held on an open, nonpromotional basis when, in the judgment of the board, open competition will produce eligible lists with more highly skilled qualified candidates and is consistent with the best interests of the state.

"The board may prescribe conditions under which state employees, persons on leave of absence, and persons whose names are on appropriate reemployment lists, may be permitted to compete in promotional examination and to attain eligibility for appointment.

"The board may further prescribe conditions under which eligibility may be transferred from one subdivisional or departmental promotional list to another subdivisional or departmental promotional list or either when such lists are for the same class and have been established as a result of the same examination. (As amended Stats. 1963, ch. 1375, p. 2917, § 1; Stats. 1965, ch. 1639, p. 3734, § 1.)"

Section 18951 provides: "The board and each state agency and employee shall encourage economy and efficiency in and devotion to state service by encouraging promotional advancement of employees showing willingness and ability to perform efficiently services assigned them, and every person in state service shall be permitted to advance according to merit and ability.

"In an examination held on an open, nonpromotional basis under the provisions of Section 18950, a competitor who has permanent civil service status, or who has a mandatory right of reinstatement to a position with permanent civil service status, and who attains the passing mark established for the examination, shall have three credits added to his earned score. Such credits shall be known as career credits. (Amended by Stats. 1970, ch. 179, p. 429, § 1.)"

Appellant contends that section 18951 controls and since it provides that "every person . . . shall be permitted to advance according to merit and ability," the section necessarily compels open promotional examinations whenever an examination is given. However, the two sections are *pari materia* and as such must be construed with reference to one another. This court is required to interpret a legislative enactment in light of the legislative intent. (*Friends of Mammoth* v. *Board of Supervisors* (1972)

8 Cal.3d 247 [104 Cal.Rptr. 761, 502 P.2d 1049].) When the two statutes are read in reference with one another it becomes apparent that Board has been given the authority to establish classes in state government and to hold examinations either on an open promotional basis or on a restricted basis. Board has been given the discretion to determine to proceed in the best interests of the state. There is no requirement that the discretion be exercised in either way. The undisputed declaration of Board shows that with respect to higher level staff counsel positions within a department, after years of experience that department esprit can be best maintained and the most qualified candidates obtained from among those who are already employed by the particular department. Board has the statutory authority to exercise and has exercised its discretion in providing for promotional examinations within departments to the exclusion of others not in that department. There is nothing in the record which suggests that the discretion exercised at bench is arbitrary, capricious or lacking in evidentiary support.

This court has the power to compel a public agency to exercise its discretion. (*Spear* v. *Board of Medical Examiners* (1956) 146 Cal.App.2d 207, 212 [303 P.2d 886].) We do not have the power nor the inclination to compel the exercise of that discretion in a particular manner. (*People* ex rel. *Younger* v. *County of El Dorado* (1971) 5 Cal.3d 480. 491 [96 Cal.Rptr. 553, 487 P.2d 1193].)

Appellant next contends that notwithstanding the exercise of discretion by Board, the action of Board in limiting applications to members of the department is in excess of its jurisdiction and therefore unconstitutional. The argument appears to be twofold: (1) as a state employee appellant had a constitutional right to take the examination and (2) upon being challenged it was up to Board to show that limiting applications to members of a given department were in the best interests of the state.

Appellant argues that under section 18951 he had the right to take the examination and therefore Board, by denying his application to take the examination, has deprived him of a constitutional right. However, as discussed *supra*, appellant does not have the right to have an open promotional examination when section 18951 is read in conjunction with section 18950. Thus, no rights of appellant are being violated absent some other showing. Appellant cites cases such as *Bagley* v. *Washington Township Hospital Dist.* (1966) 65 Cal.2d 499 [55 Cal.Rptr. 401, 421 P.2d 409]) where the public agency was attempting to infringe upon First Amendment rights. At bench there is no such infringement.

Absent a showing that Board is infringing upon a constitutional right

of appellant there is no requirement that Board justify its actions since it is presumed that an administrative agency has regularly performed its duty. (*Ward* v. *County of Riverside* (1969) 273 Cal.App.2d 353, 358-359 [78 Cal.Rptr. 46].) Appellant has failed to overcome that presumption.

Other contentions raised by appellant have been examined and found to be without merit.

The judgment is affirmed.

Fleming, J., and Compton, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 16, 1974.