Filed 12/18/14  Madison v. City of Cathedral City CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| ANN T. MADISON, as Trustee, etc., | |
| Plaintiff and Appellant, | E059267 |
| v. | (Super.Ct.No. INC1302536) |
| CITY OF CATHEDRAL CITY, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  David M. Chapman, Judge.  Affirmed.

Green, de Bortnowsky, Charles R. Green, Nicholas Hermsen and Tuan-Anh Vu, for Defendant and Respondent.

Ann T. Madison, in pro. per., for Plaintiff and Appellant.

Plaintiff and appellant Ann T. Madison (Madison), as trustee of the Madison Family Trust (Trust), appeals the denial of her petition for a writ of administrative

1

mandamus (Code Civ. Proc., § 1094.5).[1]  Madison seeks to set aside administrative citations issued by defendant and respondent City of Cathedral City (Cathedral City or the city) against the Trust for violating Cathedral City's municipal code by permitting on its property the operation of a business—a marijuana dispensary—that had not obtained the requisite licensure.

On appeal, Madison raises a variety of issues, most of which she failed to raise in her petition, and therefore forfeited.  The only contention raised in her petition—resting on the notion that local bans on marijuana dispensaries are preempted by state law—is foreclosed by California Supreme Court's decision in *City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc.* (2013) 56 Cal.4th 729 (*City of Riverside*).  We affirm.

## I.  FACTS AND PROCEDURAL BACKGROUND

Madison does not dispute that the Trust leased a property in Cathedral City to an entity that intended to use the property as a medical marijuana dispensary.  Nor has she disputed that the tenant "was not able to get the necessary permits and license from the City," but nevertheless "began operating its business without the necessary permits . . . ."  It was not possible for the tenant to obtain any form of licensure from the city because of the ban on medical marijuana dispensaries in the Cathedral City Municipal Code.

On August 2, 2012, Cathedral City, through the city attorney, sent Madison a letter advising Madison that it would take legal action if a dispensary was opened in violation

_____

[1]  Madison is an attorney and represents herself in this appeal, as she did in the proceedings below.

of the Cathedral City Municipal Code.  Madison initially indicated in response that she would evict the tenant, and served the tenant with a 30-day notice to quit.  However, she never followed through with the eviction, believing that to attempt to do so would be futile, because any unlawful detainer action would be stayed as a result of pending litigation between the tenant and Cathedral City.

Between December 11, 2012 and January 16, 2013, the city issued to the Trust a total of 16 administrative citations for permitting the tenant of a commercial property owned by the Trust to operate a business without a required "certificate of occupancy."  Six of the citations also cite the Trust for maintaining a public nuisance, referencing Cathedral City Municipal Code section 13.80.195, but the city withdrew any claim that Madison violated that provision.  A total administrative fine of $6,650 remained at issue.[2]

In an administrative appeal hearing held on March 28, 2013, all of the citations were upheld.  Madison's petition to the trial court, seeking reversal of that administrative order, was filed on April 22, 2013.

After a hearing on May 22, 2013, the trial court denied Madison's petition, and confirmed the amount of fines to be paid.  Judgment was entered on June 17, 2013.

---

[2] Under the applicable administrative fine schedule, the first citation in a 12-month period is subject to a fine of $100 per count, the second citation carries a fine of $250 per count, and third and subsequent citations are $500 per count.  By that calculation, the total administrative fines remaining, allowing for counts withdrawn by the city, should be $7,350.  In its briefing in the administrative appeal hearing, however, Cathedral City miscalculated, asking for $6,650.  Cathedral City has not contested the trial court's judgment in its favor for the lower amount.

Pursuant to a stipulation of the parties, an amended judgment correcting several typographical errors was entered on October 21, 2013.

## II. DISCUSSION

### A. Standard of Review

A trial court's review of an administrative decision pursuant to Code of Civil Procedure section 1094.5 "is subject to two possible standards depending on the nature of the right involved. [Citation.]

"If the administrative decision involved or substantially affected a 'fundamental vested right,' the superior court exercises its independent judgment upon the evidence disclosed in a limited trial de novo in which the court must examine the administrative record for errors of law and exercise its independent judgment upon the evidence. [Citations.]

"Where no fundamental vested right is involved, the trial court's review is limited to examining the administrative record to determine whether the agency's decision and its findings are supported by substantial evidence in light of the whole record. [Citation.]

"Regardless of the nature of the right involved or the standard of judicial review applied in the trial court, an appellate court reviewing a trial court's ruling on administrative mandamus applies a substantial evidence standard. [Citation.] . . . .

"Under the substantial evidence test, the agency's findings are presumed to be supported by the administrative record and the appellant challenging them has the burden to show they are not. [Citations.] 'When more than one inference can be reasonably deduced from the facts, the appellate court cannot substitute its deductions for those of

4

the superior court.' [Citation.]" (*SP Star Enterprises, Inc. v. City of Los Angeles* (2009) 173 Cal.App.4th 459, 468-469.)

In this case, however, the standard of review is not a dispositive factor; our analysis would be no different under a de novo standard.

## B. Analysis

Madison's petition raised only a single issue. She asserted that Cathedral City "has a clear and present duty, pursuant to state law, to provide for the establishment and regulation of medical marijuana dispensaries but not to issue a complete ban or prohibition of such use." She argued that the ordinance banning medical marijuana dispensaries was "in violation of state law and the state constitution" and the citations issued against the Trust, for allowing a medical marijuana dispensary to operate in violation of the Cathedral City Municipal Code, therefore were "arbitrary [and] capricious." Not so.

Madison's argument is foreclosed by the California Supreme Court's decision in *City of Riverside*, which holds local bans on medical marijuana dispensaries are not preempted by state law. (*City of Riverside*, *supra*, 56 Cal.4th at pp. 761-762.) The city ordinance regarding medical marijuana dispensaries—providing that "[n]o permit or any other applicable license or entitlement for use, including but not limited to the issuance of a business license, shall be approved or issued for the establishment or operation of a medical marijuana dispensary within the city limits"—is fully enforceable. (Cathedral City Mun. Code, § 9.108.040.)

5

Furthermore, the administrative fines imposed on the Trust are not for violating the Cathedral City Municipal Code section banning "establishment or operation" of a medical marijuana dispensary, but rather for permitting the occupancy of a building without the required certificate of occupancy. (Cathedral City Mun. Code, § 8.04.010 [incorporating California Building Code, 2010 edition]; Cal. Code Regs., tit. 24, pt. 2, § 111.1 (2010) [requiring certificate of occupancy].) It is undisputed that the Trust permitted its tenant to occupy the property and begin operating a business without a certificate of occupancy or any other sort of business license from Cathedral City. Why the tenant did not have those required documents—whether because the city refused to issue them, or whether the tenant failed to apply for them, or some other reason—is at least arguably beside the point. We need not decide that issue, however, and may simply apply *City of Riverside* to reject Madison's argument.

In Madison's reply brief in support of her petition, and again at the hearing, she raised the additional argument that most of the 16 citations issued against the Trust were inappropriate, because she had appealed the first of them. This contention was properly rejected for several reasons. First, Madison failed to allege in her petition any specific facts that could support the argument. (See, e.g., *Ward v. County of Riverside* (1969) 273 Cal.App.2d 353, 358 (*Ward*) ["'In order to state a cause of action, the petition for a writ of mandate must set forth facts showing that plaintiff is entitled to the relief he seeks.'"].) Generally, issues not raised in the petition may be deemed forfeited on appeal. (See, e.g., *Noguchi v. Civil Service Com.* (1986) 187 Cal.App.3d 1521, 1540 (*Noguchi*).)

6

More fundamentally, however, Madison's argument fails because it is without merit. She rests her argument on a provision of the Cathedral City Municipal Code that provides: "Enforcement of any administrative citation shall be stayed during the pendency of an appeal therefrom which is properly and timely filed pursuant to this chapter." (Cathedral City Mun. Code, § 13.58.130.) On its face, this provision stays enforcement only of a particular "administrative citation" that has been appealed—in other words, the city may not require payment of the associated administrative fine during the pendency of the appeal. Madison presents no authority, and no persuasive argument, that this language is reasonably interpreted to stay issuance of further citations for similar or continued violations. Under the Cathedral City Municipal Code, each day a violation is "continued and/or maintained" is a "separate offense." (Cathedral City Mun. Code, § 13.65.040.) It was therefore appropriate for the city to issue the Trust a separate administrative citation for each day the Trust continued to violate the municipal code.[3]

In her briefing on appeal, Madison raises a variety of other issues not raised in her petition. We decline to engage in any further discussion of issues not properly presented to the trial court. Madison's further arguments not addressed specifically in this opinion are summarily rejected, both because the issues were forfeited, under the rules articulated in *Ward* and *Noguchi*, and because they lack merit.

---

[3] Indeed, it appears Madison could have been issued rather more than 16 citations, had the city been so inclined, since more than a month elapsed between the first citation and the last.

7

## III.  DISPOSITION

The judgment is affirmed.  Cathedral City is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:


RAMIREZ
P.J.

MCKINSTER
J.